JEFFREY C. JACKSON, State Bar No. 140990
KIRK D. HANSON, State Bar No. 167920
JACKSON HANSON, LLP
2790 Truxtun Rd., Suite 140
San Diego, CA 92106
(619) 523-9001; (619) 523-9002 (Fax)
Email: atty@JacksonHanson.com

LAURA L. HO, CA Bar No. 173179
lho@gdblegal.com
JOSEPH E. JARAMILLO, CA Bar No. 178566
jjaramillo@gdblegal.com
LIN CHAN, CA Bar No. 255027
lchan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Attorneys for Plaintiff Vera Willner
and the Putative Class

IN THE UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERA WILLNER, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MANPOWER INC., and Does 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:11-cv-02846 JSW<br><br>**THIRD AMENDED COMPLAINT**<br><br>**CLASS ACTION CLAIMS:**<br><br>(1) Late Wage Payment Penalties (L.C. §§ 201.3, 203)<br>(2) Failure to Furnish Accurate Wage Statements (L.C. § 226)<br>(3) Unlawful and/or Unfair Business Practices (Bus. & Prof. C. §§ 17200 *et seq*.)<br><br>**LABOR CODE PRIVATE ATTORNEY GENERAL ACT REPRESENTATIVE ACTION CLAIMS:**<br><br>(4) Failure to Furnish Accurate Wage Statements (L.C. § 226)<br>(5) Late Wage Payment Penalties (L.C. §§ 201.3, 204b, 210)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Vera Willner ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## I.  INTRODUCTION & GENERAL ALLEGATIONS

1. Plaintiff brings this action against MANPOWER INC. and DOES 1 through 50 (hereinafter also collectively referred to as "Defendants") for California Labor Code violations stemming from Defendants' failure to furnish accurate wage statements and failure to timely pay all wages to employees who received their wages by U.S. mail.

2. Defendants own and operate a temporary employment agency and conduct business throughout the United States, including the State of California and Alameda County.  Plaintiff was an hourly employee of Defendants who received her wages from Defendants by U.S. mail and was paid on a weekly basis, when work was assigned.

3. Defendants' wage payment policy violates Labor Code § 201.3(b)(1) in that employees to whom Manpower mails paychecks receive their wages after the regular payday following the week in which they earned their wages.

4. Defendants' wage statements violate Labor Code § 226 because they fail to show inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer.

5. Plaintiff brings this lawsuit against Defendants on behalf of herself and all other current and former hourly employees of Defendants who receive or received their wages by U.S. mail and who are not or were not jointly employed by a franchisee of Defendant Manpower, Inc. at the same time, seeking, among other things, penalties, attorney's fees, costs, interest and expenses pursuant to the California Labor Code.

## II.  JURISDICTION

6. Defendant removed this action from Alameda County Superior Court to this Court on June 9, 2011 pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1446 on the basis that this Court has jurisdiction over class action lawsuits brought under state law with diverse parties where the aggregate amount in controversy exceeds $5,000,000.  Plaintiff does not contest the Court's jurisdiction under CAFA.

### III.   VENUE

7. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district.

### IV.   PARTIES

**Plaintiffs**

8. Class representative and aggrieved employee Vera Willner resides in Los Angeles County, California. At all times relevant to this action, she was employed by Defendants, but not jointly by a franchisee of Manpower, Inc., in Los Angeles, California and received her wages from Defendant Manpower, Inc. by U.S. mail.

**Defendants**

9. Plaintiff is informed and believes, and based thereon alleges, that MANPOWER INC. is a Wisconsin corporation conducting business in California and Alameda County, and was the employer of Plaintiff, the Class Members, and the aggrieved employees during the applicable class period and applicable statutory periods.

10. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief allege that those Defendants are legally responsible for the payment of wages, penalties and damages to Plaintiff, the Class Members and the aggrieved employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11. Plaintiff is informed and believes, and based thereon alleges, that the Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff, the Class Members and the aggrieved employees.

## V.      CLASS ACTION ALLEGATIONS

12. Plaintiff hereby incorporates by reference Paragraphs 1 through 11 above as though fully set forth herein.

13. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class that Plaintiff seeks to represent is defined as follows:

> All persons who were or are employed by Manpower Inc. in California as temporary employees at any time from four years before the filing of the Complaint up to the present who received their wages by U.S. mail, except individuals who were or are at the same time jointly employed by a franchisee of Manpower, including, but not limited to, franchisee CLMP LTD., dba Manpower of Temecula.

Class Representative Plaintiff Willner is a member of the class she seeks to represent.  From at least four years before the filing of the Complaint, and up through the present, the Class Members were employed by Defendants as temporary employees and were subjected to an illegal late payment policy and an illegal wage statement policy in violation of California law, all of which also violates Business & Professions Code §§ 17200 *et. seq*.

14. **Numerosity.**  The potential members of the class as defined is so numerous that a joinder of all Class Members is impracticable.  While the precise number of Class Members has not yet been determined, Plaintiff is informed and believes that Defendants have employed in excess of 20,000 persons in temporary employee positions in California during the Class Period.

15. **Commonality.**  There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation, whether, as alleged herein, Defendants have:

   a. Failed to provide wage statements that show inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer.

   b. Failed to pay the Class Members wages for work performed in a calendar week on or before the regular payday in the following calendar week in violation of Labor Code § 201.3(b)(1).; and,

c. Violated Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described in subparagraphs a. and b. above.

16. **Typicality.**  The Class Representative Plaintiff's claims are typical of the claims of the class.  The Class Representative Plaintiff was subjected to the same violations of her rights under California law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent.

17. **Adequacy of Representation.**  Class Representative Plaintiff Willner will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff's interests are not in conflict with those of the Class Members. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

18. **Superiority of Class Action.**  Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy.  Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

19. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of multiple actions by individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action could be dispositive of the interests of other individuals not party to this action, impeding their ability to protect their interests.

20. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

21. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for

fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the proposed Class timely payment of wages and adequate wage statements.  The damages suffered by individual proposed Class members are small compared to the expense and burden of individual prosecution of this litigation.  Proposed Class members fear workplace retaliation and being prevented from obtaining future employment with Defendants.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

22. Plaintiff intends to send notice to all members of the proposed Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure.  The names and addresses of members of the proposed Class are available from Defendants.

**FIRST CAUSE OF ACTION**
**LATE WAGE PAYMENT PENALTIES**
**(Cal. Lab. Code §§ 201.3, 203)**

23. Plaintiff hereby incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

24. Defendants are a "temporary services employer" within the meaning of Labor Code § 201.3(a)(1).  Labor Code § 201.3(b)(1) requires that temporary services employers pay wages for work performed during any calendar week "not later than the regular payday of the following calendar week."

25. Defendants mail checks to Plaintiff and putative class members who do not participate in its direct deposit program.  Defendants inform their employees that "[s]hould you not participate in Direct Deposit, Manpower has no control over prompt delivery of your paycheck."  Plaintiff and putative class members do not receive their wages for work performed on or before the regular payday in the following calendar week in violation of Labor Code § 201.3(b)(1).

26. Defendants' failure to pay timely wages was intentional and willful because they mailed all paychecks to California employees from Texas on the payday following the week in which they worked.  Therefore, Defendants knew or should have known that Class Members, all of whom are or were California employees, would not receive their paychecks for at least two to three days after the payday of the following calendar week.  Plaintiff routinely received her paychecks from Defendants

1  two to three days after the payday of the calendar week following the week in which she worked.
2  Plaintiff's paychecks arrived in an envelope postmarked from Texas with a date that was two to three
3  days prior to the date that she received her paycheck.

4      27.    As a result of their violation of Labor Code § 201.3(b)(1), Defendants are liable under
5  Labor Code § 201.3(c) to Plaintiff and the Class Members for the penalties provided for in Labor Code
6  § 203 and to any other penalties available at law.

## SECOND CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
## (Cal. Lab. Code § 226)

28.    Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above as though fully set forth herein.

29.    Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

30.    Since at least July 14, 2004, Defendants have knowingly and intentionally failed to furnish, and continue to knowingly and intentionally fail to furnish Class Members itemized statements showing inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer, as required by Labor Code § 226(a), and Class Members have suffered injury as a result. Plaintiff and Class Members suffered injury because Defendants' failure to include the information required by Labor Code § 226(a) required them to refer to outside sources to determine whether Defendants paid them for all hours worked during the applicable pay period and to find the address of the legal entity that is the employer. Accordingly, Defendants are liable to Class Members for the amounts provided by California Labor Code § 226(e), as well as their attorney's fees and costs. Plaintiff is also entitled to injunctive relief, and an award of costs and reasonable attorneys' fees, pursuant to Labor Code § 226(g).

**THIRD CAUSE OF ACTION**
**UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. C. §§ 17200 *et seq*.)**

31. Plaintiff hereby incorporates by reference Paragraphs 1 through 30 above as though fully set forth herein.

32. Plaintiff is currently employed by Defendant Manpower, Inc.

33. Defendants' failure to provide accurate wage statements to temporary employees who received their paychecks by U.S. mail, and failure to pay timely wages to temporary employees who received their paychecks by U.S. mail constitute unlawful acts prohibited by the UCL (Cal. Bus. & Prof. C. §§ 17200-17208).

34. As a result of these unlawful acts, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and the Class Members. Defendants must be subject to other equitable relief pursuant to Business & Professions Code § 17203, including, but not limited to, an order enjoining Defendants from further violations of California law as alleged herein.

**FOURTH CAUSE OF ACTION**
**LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
**(Lab. C. §§ 2698-2699.5)**

35. Plaintiff hereby incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein.

36. Plaintiff is an "aggrieved employee" under the California Labor Code Private Attorney General Act ("PAGA") as she was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, she seeks to recover, on behalf of herself and all other current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, including civil penalties for failure to pay timely wages provided under Labor Code § 210, plus reasonable attorney's fees and costs.

37. Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

38.     Pursuant to Labor Code § 2699.3 (a), on December 16, 2010, Plaintiff Willner gave written notice by certified mail to Defendant and the Labor and Workforce Development Agency ("LWDA") of the Labor Code § 226 inaccurate wage statement claims, including the facts and theories supporting these claims. On February 7, 2011, the LWDA notified Plaintiff and Defendant, via certified mail, that it does not intend to investigate the allegations.  (See Exhibits A and B attached hereto.)

39.     Pursuant to Labor Code § 2699.3 (a), on May 10, 2011, Plaintiff Willner gave written notice by certified mail to Defendant and the LWDA of the Labor Code §§ 201.3(b)(1), 204b and 210 violations, including the facts and theories supporting the claims.  (See Exhibit C attached hereto.)  In the same letter, Plaintiff Willner made a demand on Defendant for penalties as required by Labor Code § 211.  As of the date of this Second Amended Complaint, the LWDA has not responded to Plaintiff's letter, nor has Defendant responded to Plaintiff's demand pursuant to Labor Code § 211.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally as follows:

1.     That the First, Second, Third, and Fourth Causes of Action be certified as a class action;

2.     That Plaintiff be appointed as the Class Representative;

3.     That counsel for Plaintiff be appointed Class Counsel;

4.     For waiting time penalties, plus attorney's fees and costs under the First Cause of Action pursuant to Labor Code § 201.3(c);

5.     For statutory penalties, plus attorneys' fees and costs under the Second Cause of Action pursuant to Labor Code § 226;

6.     That Defendants be declared to have engaged in unfair competition and/or unlawful acts prohibited under Business & Professions Code §§ 17200 *et seq*. as a result of the Labor Code violations alleged herein;

7.     That Defendants be enjoined from further engaging in the unfair competition and unlawful acts alleged herein in violation of Business & Professions Code §§ 17200 *et seq*., including

1  that Defendants be ordered to timely pay wages to Class Members and to furnish them with timely,
2  itemized wage statements showing inclusive dates of the period for which the employee is paid and the
3  name and address of the legal entity that is the employer;

4      8. That Defendants be ordered pursuant to Labor Code § 226(g) to provide Class
5  Members with timely, itemized wage statements showing inclusive dates of the period for which the
6  employee is paid and the name and address of the legal entity that is the employer;

7      9. For all applicable civil penalties under the Fourth Cause of Action provided for by the
8  California Labor Code Private Attorney General Act (Lab. C. §§ 2698 *et seq.*) as a result of
9  Defendants' violations of the Labor Code as alleged herein, including civil penalties for failure to pay
10 timely wages provided for in Labor Code § 210;

11     10. For reasonable attorney's fees and costs as provided for under the Labor Code,
12 including the Labor Code Private Attorney General Act, and under Code of Civil Procedure § 1021.5;

13     11. For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

15 Plaintiff hereby demands a trial by jury in this action.

16 Dated: May 18, 2012                        Respectfully submitted,

/s/ Joseph E. Jaramillo
LAURA L. HO, CA Bar No. 173179
JOSEPH E. JARAMILLO, CA Bar No. 178566
LIN CHAN, CA Bar No. 255027
GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
    DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (Fax)

KIRK D. HANSON, State Bar No. 167920
JEFFREY C. JACKSON, State Bar No. 140990
JACKSON HANSON, LLP
2790 Truxtun Road, Suite 140
San Diego, CA  92106
(619) 523-9001
(619) 523-9002 (Fax)

Attorneys For Plaintiff Vera Willner and the Putative Class