UNITED STATES DISTRICT COURT

Northern District of California

VERA WILLNER,

        Plaintiff,

  v.

MANPOWER, INC.,

        Defendant.

_____/

No. C 11-2846 JSW (MEJ)

**ORDER RE: DISCOVERY DISPUTE**

**Re: Dkt. No. 46**

## INTRODUCTION

Before the Court is the joint discovery dispute letter filed by Plaintiff Vera Willner (Plaintiff) and Defendant Manpower, Inc. (Defendant) on October 8, 2012. Dkt. No. 46. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## BACKGROUND

Plaintiff brings this lawsuit on behalf of herself and a putative class of persons who worked for Manpower. Plaintiff alleges that Manpower operates a temporary employment agency and that Plaintiff was employed by Manpower and was paid on a weekly basis, when work was assigned. Third Am. Compl. (TAC) ¶ 2, Dkt. No. 44. Plaintiff alleges that Manpower violated California labor laws by failing to pay wages timely and by failing to provide accurate itemized wage statements. *Id.* ¶¶ 3, 4. Plaintiff asserts the following claims: (1) failure to pay wages timely; (2) failure to furnish accurate wage statements; (3) violation of California's Unfair Competition Law,

California Business and Professions Code § 17200; and (4) a claim under the California Labor Code Private Attorney General Act.

On October 28, 2011, Plaintiff served a request for production of putative class members' contact information. Jt. Ltr., Ex. 1. Plaintiff seeks the full name, last known mailing addresses, email addresses, and telephone numbers for all putative class members. *Id.* Plaintiff believes that she is entitled to this discovery prior to class certification. *Id.* at 1.

## DISCUSSION

In the Joint Letter, Plaintiff argues that she is entitled to an order compelling Defendant to produce the contact information because putative class members may have discoverable information regarding: (1) Plaintiff's late wage payment penalties claims, including whether they received their wages later than their regular payday and what the relevant or regular payday is; (2) Defendant's defense that the late receipt of wages is a "result of Plaintiff's neglectful conduct"; (3) Plaintiff's claim that putative class members were injured by Defendant's failure to include "the inclusive dates of the period for which the employee is paid" on its wage statements because it resulted in confusion, difficultly, and expense in reconstructing pay records through outside documents; (4) Plaintiff's claim that putative class members were injured by Defendant's failure to include "the name and address of the legal entity that is the employer" on its wage statements because it resulted in confusion and difficulty in seeking legal redress for Defendant's Labor Code violations and any unpaid wages; (5) Defendant's knowledge, intent, and willfulness in failing to pay timely wages and furnish itemized wage statements; (6) at least fourteen of Defendant's affirmative defenses in its Answer (Dkt. No. 45), including Plaintiff's Own Acts, Estoppel, Waiver, Consent, Good Faith, No Requisite Intent, No Willfulness, Privilege/Justification, Independent, Intervening or Superseding Cause, Failure to Use Ordinary Care, Waiver as Contributing Factor, Waiver Based on Failure to Demand Payment, De Minimis Losses, and Avoidable Consequences; and (7) discovery regarding Federal Rule of Civil Procedure (Rule) 23 class certification standards of numerosity, commonality, typicality, predominance, and superiority. Jt. Ltr. at 1-2.

In response, Defendant argues that Plaintiff is not entitled to the contact information because

she has failed to establish a prima facie case for class certification. *Id.* at 3. Although Plaintiff's TAC alleges that putative class members "receive their wages after the regular payday following the week in which they earned their wages," (TAC ¶¶ 3, 26), Defendant argues that Plaintiff has not identified any unlawful policy or practice by Defendant that systemically gives rise to the California Labor Code violations alleged in the TAC. Jt. Ltr. at 3. Defendant thus argues that Plaintiff would have to individually prove when each putative class member received each of their paychecks in order to establish Defendant's liability. *Id.* Defendant contends that none of Plaintiff's proffered documents evidence a common policy or practice by Defendant of mailing paychecks late. *Id.* at 3-4. Defendant further argues that Plaintiff lacks evidentiary support for her claim that she actually received her paycheck late after it was mailed late because the document she relies on evidences nothing more than that one of her paychecks was dated and mailed on a Wednesday following the week in which the work was performed; she proffers no evidence of when she actually received the paycheck and whether it was after the payday. *Id.* at 4. Defendant also contends that Plaintiff fares no better as to her wage statement claim under California Labor Code § 226(a), alleging that her wage statements fail to include the inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer, yet she fails to proffer her own documents produced to Defendant showing those allegations to be false and unprovable. *Id.* In sum, Defendant argues that Plaintiff cannot even make a showing to warrant a conclusion that her individual claims have evidentiary support, much less her putative class claims. *Id.*

Finally, Defendant argues that the contact information Plaintiff seeks is protected by the putative class members' constitutional privacy rights. *Id.*

**A.    Legal Standard**

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court. *Vinole v. Countrywide Home Loans, Inc.* 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). The plaintiff has the burden to either make a prima facie showing that the Rule 23 class action requirements are satisfied, or to show "that

3

discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

A court must determine whether the action may be maintained as a class action as soon as is practicable after the action is filed. Fed. R. Civ. P. 23(c)(1). Accordingly, discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210). "The better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id.*

Pursuant to Rule 23, a member of a class may sue on behalf of all members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

**B.     Application to the Case at Bar**

1.     Class Certification

Here, the Court finds that Plaintiff is able to establish a prima facie case. As to the first element under Rule 23, a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement demands "examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). "Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1121 (E.D. Cal. 2009) (citation omitted). In her TAC, Plaintiff states that the

4

precise number of class members has not yet been determined, but estimates that the size of the putative class could exceed 20,000 members. TAC ¶ 14. Thus, the numerosity requirement is satisfied.

Rule 23(a) also demands "questions of law or fact common to the class." This requirement is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution[.]" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). As summarized by the Supreme Court:

> What matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L.Rev. 97, 132 (2009)). In this case, there are discrete factual and legal issues common to the proposed class that, when answered, appear to be dispositive of the entire litigation. Plaintiff alleges that Defendant failed to provide wage statements that show inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer, failed to pay putative class members wages for work performed in a calendar week on or before the regular payday in the following calendar week in violation of California Labor Code § 201.3(b)(1); and violated California Business & Professions Code §§ 17200 *et. seq.* as a result of this conduct. TAC ¶ 15. The Court finds that these allegations meet the standard of commonality, as their resolution will generate common answers apt to drive resolution of the litigation.

The next requirement of Rule 23(a) is typicality, which focuses on the relationship of facts and issues between the class and its representatives. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by

the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citation and internal quotation marks omitted). Here, as discussed above, Plaintiff alleges that the putative class members were subjected to the same violations of their rights under California law, and she seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent. TAC ¶ 16. While these claims might require different calculations for each class member if proven true, for purposes of establishing a prima facie case at this early stage in the litigation, Plaintiff's allegations meet the typicality requirement.

The final requirement of Rule 23(a) is adequacy. Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is grounded in constitutional due process concerns; "absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)). In reviewing this issue, courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). The named plaintiffs and their counsel must have sufficient "zeal and competence" to protect the interests of the rest of the class. *Fendler v. Westgate–California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).

Here, there is no indication that Plaintiff is an inadequate representative. As stated above, Defendant's arguments in the Joint Letter go to the merits of the case, arguing that Plaintiff lacks evidentiary support for her claims. However, the Court is not prepared to address such arguments at this early stage in the litigation. "The better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger*, 564 F.2d at 1313 (citation omitted). Addressing the two

1  questions posed, the Court finds no evidence at this stage in the litigation that (1) Plaintiff and her
2  counsel have any conflicts of interest with other class members, and (2) Plaintiff and her counsel
3  will not prosecute the action vigorously on behalf of the class.  Accordingly, Plaintiff has satisfied
4  the adequacy requirement.
5       Based on this analysis, the Court finds that the prima facie requirement is satisfied, and it
6  must now determine whether discovery of the requested contact information will likely provide
7  Plaintiff an opportunity to present evidence as to whether a class action is maintainable.

     2.     <u>Discovery of Contact Information</u>

9       The disclosure of names, addresses, and telephone numbers is a common practice in the class
10 action context.  *See Algee v. Nordstrom, Inc.*, 2012 WL 1575314, at *4 (N.D. Cal. May 03, 2012);
11 *see also Currie-White v. Blockbuster, Inc.,* 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010);
12 *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2002) (ordering production of the
13 names, addresses, and telephone numbers of putative class members, subject to a protective order,
14 including those who worked in a sales division other than the plaintiff's own).  Given this standard,
15 the Court finds that Plaintiff is entitled to the contact information of putative class members.
16 Plaintiff seeks this information in order to substantiate class allegations and to meet the certification
17 requirements under Rule 23.  The contact information and subsequent contact with potential class
18 members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately
19 whether the action may be maintained as a class action.
20      In reviewing the Joint Letter, the Court notes that Defendant's arguments tend to focus on
21 whether Plaintiff will ultimately satisfy her burden of establishing that a class action is proper under
22 Rule 23.  However, the Court need not concern itself with these arguments here as Plaintiff's burden
23 at this stage is to make a prima facie showing that the Rule 23 class action requirements are
24 satisfied, which the Court finds that she has done.  *Manolete*, 767 F.2d at 1424.
25      Turning to Defendant's argument regarding the right to privacy, the Court agrees that the
26 applicants do have a right to privacy.  "When the constitutional right of privacy is involved, 'the
27 party seeking discovery must demonstrate a compelling need for discovery, and that compelling

need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'" *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (quoting *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007). "Compelled discovery within the realm of the right of privacy 'cannot be justified solely on the ground that it may lead to relevant information.'" *Id.* (quoting *Wiegele*, 2007 WL 628041, at *2). "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Wiegele*, 2007 WL 628041, at *2 (citing *Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1854 (1994)). "As a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Id.* (internal citation and quotations omitted).

Here, the putative class members may possess relevant discoverable information concerning issues dealing with Plaintiff's claims, as well as other class certification issues. Further, the privacy interests at stake in the names, mailing addresses, email addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories. *Artis*, 276 F.R.D. at 352; *Wiegele*, 2007 WL 628041, at *2. While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy, the information sought by Plaintiff is not particularly sensitive. *See, e.g., Khalilpour v. CELLCO P'ship*, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy"). As a result, Defendant's privacy objections must yield to Plaintiff's request for the information.

Moreover, the parties can craft a protective order that limits the use of any contact information to the parties in this litigation and protects it from disclosure. The discovery is to be produced to Plaintiff's counsel only and to be used only in this litigation. Under these

circumstances, the potential privacy interests of putative class members are adequately balanced. *Id.*

**CONCLUSION**

Based on the foregoing, the Court ORDERS as follows. Defendant is ORDERED to disclose to Plaintiff the contact information of all putative class members. Further, the parties are ORDERED to meet and confer and subsequently file a joint stipulation and proposed protective order regarding disclosure of the contact information within 21 days of the date of this Order. If, however, Defendant contends that the production shall be overly burdensome given the estimated number of putative class members, the parties shall meet and confer in person for the purpose of determining a reasonable sampling limitation on the number of putative class members disclosed. If able to reach an agreement, the parties shall include the limitation in their stipulation. If unable to agree, the parties shall file a joint letter, in compliance with the undersigned's discovery standing order and limited solely to the issue of the number of putative class members disclosed, by October 24, 2012.

**IT IS SO ORDERED.**

Dated: October 16, 2012

Maria-Elena James
Chief United States Magistrate Judge