**McGuireWoods LLP**
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Phone: 310.315.8200
www.mcguirewoods.com

**Sylvia J. Kim**
Direct: 310.315.8216

# McGuireWoods



December 19, 2012

The Honorable Maria-Elena James
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Willner v. Manpower, Inc.*, No. 3:11-cv-02846 JSW (MEJ)
            Response to Plaintiff's Letter [Dkt. #53] and Request for Reconsideration of Order for Parties to Appear for Courtroom Meet and Confer Session [Dkt. #54]

Dear Magistrate Judge James:

        Defendant Manpower Inc. ("Manpower") respectfully submits this response to opposing counsel's letter to you of yesterday, December 18, 2012 [Dkt. #53] (the "Letter"), and requests reconsideration of the Court's December 19, 2012 Order for Parties to Appear for Courtroom Meet and Confer Session [Dkt. #54] (the "Order"). As we set forth below, Plaintiff's counsel failed to provide the Court with a *complete* and *accurate* history and recitation of the parties' meet and confer efforts to date, including that Manpower's counsel will be *unavailable* due to out-of-state holiday travel plans after the end of this week, through and including January 5, 2013, and that the parties *already had scheduled an in-person meet and confer* session at Manpower's counsel's office for January 8, 2013, which is the earliest date available for the parties to do so.

        Indeed, Manpower's counsel has made at least two separate offers to meet and confer in person with Plaintiff's counsel since the Court's November 13, 2012 order to do so [Dkt. #52].[1] *First*, at Plaintiff's counsel's request, Manpower's counsel made itself available to meet and confer in person two weeks ago, on <u>Friday, December 7, 2012</u>. To that end, on Monday, November 26, 2012, Plaintiff's counsel requested that Manpower's counsel provide a date and time to meet and confer in person *that same week*. Not surprisingly, Manpower's counsel was unavailable on such short notice during that week due to existing scheduling conflicts and other

---

[1] As the Court will recall, that earlier order was necessitated by Plaintiff's counsel's flat-out refusal to meet and confer with Manpower's counsel about Manpower's proposed protective order. *See* Dkt. #51 (Notice of Lodging Defendant Manpower Inc.'s Proposed Protective Order Pursuant To Order Re: Discovery Dispute [Dkt. No. 49] And Of Plaintiff's Failure To Meet And Confer Regarding Same), ¶¶ 4-6.

The Honorable Maria-Elena James
December 19, 2012
Page 2

commitments, but offered to provide alternative dates in the following weeks for the parties to meet and confer in person. However, before Manpower's counsel could provide those dates, Plaintiff's counsel responded by requesting that the parties meet and confer during the week of December 3, 2012. In accordance with that request, Manpower's counsel proposed Friday, December 7, 2012. *See* Exh. A hereto. The only reason the parties did not meet and confer on that date was because, contrary to her request, Plaintiff's counsel claimed to be *unavailable* on December 7th. As a result, Plaintiff's counsel then changed gears, and requested that the parties instead meet and confer *telephonically* the following week of December 10th. *Id.* In accordance with that request, Manpower's counsel made themselves available and the parties' counsel did in fact meet and confer telephonically on Friday, December 14, 2012, but they were unable to reach agreement on all of the provisions of a stipulated protective order.

*Second*, because of the parties' inability to reach agreement by telephone on December 14th, Manpower's counsel then made *another* offer to meet and confer in person with Plaintiff's counsel on Tuesday, January 8, 2013. As Manpower's counsel informed Plaintiff's counsel during their telephonic conference on December 14, 2012, Manpower's lead counsel (Matthew Kane) will be traveling out of state and will not be returning to the office until January 7, 2013. As such, he is unavailable to meet and confer in person until January 8, 2013, and has agreed to make himself available to meet in person with Plaintiff's counsel on that date *immediately following* his return to the office. *Plaintiff's counsel agreed to that scheduling* for an *in-person* meet and confer during the parties' telephonic meet and confer on December 14th. Notably, Plaintiff does not claim that she will suffer any prejudice if that meeting does not occur until January 8, 2013. Manpower, on the other hand, will suffer great prejudice if its lead counsel is unable to participate in discussions relating to a protective order governing the use and disclosure of its confidential information.

In short, Manpower's counsel have made themselves available to meet and confer in person with Plaintiff's counsel *on at least two separate occasions,* but Plaintiff's counsel has obstructed such in-person meetings from occurring. Their letter to the Court yesterday is the latest example of that, as evidenced by the fact that the parties had *already agreed* to meet and confer *in person* on January 8, 2013, which is the *earliest date* that counsel for both parties are available to do so. Accordingly, Manpower respectfully requests that the Court reconsider its Order entered yesterday and issue an order requiring the parties to meet and confer in person on January 8, 2013, as they had already agreed to do.

                Respectfully submitted,

                **MCGUIREWOODS LLP**

                /s/ Sylvia J. Kim

                Sylvia J. Kim

43721989.2