UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| VERA WILLNER,<br><br>            Plaintiff,<br>   v.<br>MANPOWER, INC.,<br><br>            Defendant.<br>_____/ | No. C 11-2846 JST (MEJ)<br><br>**ORDER RE: DISCOVERY DISPUTE LETTER (DKT. NO. 60)** |

On October 16, 2012, the Court ordered Defendant Manpower Inc. to disclose the contact information of all putative class members "to Plaintiff's counsel only and to be used only in this litigation," and to meet and confer to "craft a protective order that limits the use of any contact information . . . and protect[] it from disclosure." Dkt. No. 49 at ¶. 8:25-27, 9:4-6. On November 13, 2012 and December 19, 2012, the Court ordered the parties to further meet and confer and file a proposed protective order regarding the use and disclosure of the contact information. Dkt. Nos. 52, 56. To that end, the parties' counsel met and conferred via telephone regarding the protective order on December 14, 2012 and in-person on January 8, 2013, and they exchanged several drafts of a proposed protective order. Jt. Ltr. at 1, Dkt. No. 60. The parties reached an agreement on the language of all but two provisions of a proposed protective order and have now submitted a joint letter brief regarding the two unresolved provisions.

1. <u>Use and Disclosure of Putative Class Members' Contact Information</u>

The first provision at issue is the method by which putative class members' contact information shall be disclosed. Plaintiff's proposal allows for the production of the class list to Plaintiff and provides that "putative class member contact information will only be used by Plaintiff's counsel in this litigation and will not be shared or provided to any person who is not

working with Plaintiff's counsel on this litigation." Jt. Ltr., Ex. 1, Proposed Protective Order ¶ 7.5 (Plaintiff's Proposal). In contrast, Defendant's proposal limits the use of the class contact information to a Third Party Notice Administrator, who would send out a court-approved letter from Plaintiff's counsel informing putative class members of this action and their ability to contact Plaintiff's counsel. *Id.* (Defendant's Proposal). Defendant's proposal provides that "[a]bsent an Order from the Court, the list provided by Defendant will remain only with the Third Party Administrator, who shall not use or disclose the same except as expressly set forth in this Protective Order . . . ." *Id.*

Plaintiff argues that Defendant's proposal creates a barrier between Plaintiff's counsel and the class members, "who are the most important witnesses in the case, and who Plaintiff's counsel need access to for purposes of conducting discovery in support of class certification." Jt. Ltr. at 2. Plaintiff further argue that Defendant has full access to the class members, and has had such access since the beginning of the case, and Plaintiff is therefore entitled to a level playing field and the same access to these witnesses. *Id.*

In response, Defendant argues that there is no merit to Plaintiff's claim that Defendant's proposed Paragraph 7.5 prohibits disclosure of class contact information to Plaintiff or denies Plaintiff access to the putative class members. Jt. Ltr. at 5. Instead, Defendant argues that its proposal strikes a balance between protecting the privacy rights of putative class members and Plaintiff's interest in obtaining their contact information. *Id.* "It does so by providing a mechanism that permits Plaintiff's attorneys to send a court-approved letter to the putative class members through a [Third Party Administrator], and then obtain the contact information of only those putative class members who actually demonstrate that they want their contact information disclosed to them by responding directly to their court-approved letter." *Id.* Defendant contends that, through these protective measures, "Plaintiff's attorneys can communicate with putative class members who want to communicate with or be contacted by them, and the privacy interests of those putative class members who do not want their contact information disclosed and/or do not want to be contacted are protected." *Id.*

After carefully considering the parties' arguments, the Court finds Plaintiff's proposal is appropriate in this case, with certain modifications. Numerous courts in California have "allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members." *See, e.g., Holman v. Experian Info. Solutions, Inc.*, 2012 WL 1496203, at *17 (N.D. Cal. Apr. 27, 2012) (class list produced pursuant to a protective order that maintains the confidentiality of the list and restricts its use to the pending litigation) (citing *Currie–White v. Blockbuster, Inc.*, 2010 WL 1526314, at *3 (N.D. Cal. Apr. 15, 2010) (requiring disclosure of putative class members' contact information subject to a protective order); *Babbitt v. Albertson's. Inc.*, 1992 WL 605652, at *5-6 (N.D. Cal. Nov. 30, 1992) (court ordered production at pre-certification stage of names, addresses, telephone numbers and social security numbers of current and past employees, commenting that "[d]efendant has access to this information, and plaintiff should have the same access); *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. 2007) (recognizing that, in such a situation, "a protective order can strike the appropriate balance between the need for the information and the privacy concerns").

However, as Plaintiff intends to seek telephone numbers, the Court finds that an opt-out procedure is appropriate under the notice process set forth in *Belaire-West v. Landscape, Inc.*, 149 Cal. App. 4th 554, 556-57 (2007). The *Belaire-West* notice refers to written notice given to putative class members before their contact information is disclosed to putative class counsel; the notice gives each class member the opportunity to "opt out" of disclosure of their information. *Id.* In deciding whether to order disclosure of the putative class members' contact information, courts balance the following factors: (1) if the class member has a legally protected privacy interest; (2) whether the putative class member has a reasonable expectation of privacy; and (3) whether production of the information constitutes a serious invasion of privacy. *Murphy v. Target Corp.*, 2011 WL 2413439, at *3 (S.D. Cal. June 14, 2011) (citing *Pioneer Elec. v. Sup. Ct.*, 40 Cal.4th 360 (2007)). Contact by telephone constitutes a more serious invasion of privacy because the putative class members cannot ignore a telephone call the same way they can ignore a solicitation that arrives by mail. *Tomassi v. City of Los Angeles*, 2008 WL 4722393, at *3-4 (C.D. Cal. Oct. 24, 2008)

1 (granting motion to compel disclosure of the names and addresses of putative class members, but
2 denying motion to the extent the plaintiffs sought class members' telephone numbers and emails).

3 Thus, while the Court is not persuaded that disclosure of the name and address of putative
4 class members constitutes such a serious invasion of privacy that an opt-out notice is required, the
5 Court finds that an opt-out procedure is appropriate if Plaintiff intends to seek information which
6 would enable Plaintiff to contact putative class members by telephone. Further, the Court finds that
7 Plaintiff should pay the cost of the *Belaire West* procedure. The notice is not properly categorized
8 as a cost of complying with a discovery request; instead, the notice is required because of Plaintiff's
9 desire to use the list to contact putative class members by telephone as part of their investigation.
10 Moreover, Plaintiff is in the best position to weigh the usefulness of the information she seek versus
11 the cost.

12 2. <u>Definition of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>

13 The parties' second dispute centers on the definition of "Highly Confidential - Attorneys'
14 Eyes Only." The parties agree that information and items should be designated "Highly
15 Confidential – Attorneys' Eyes Only" where they are "extremely sensitive 'Confidential'
16 Information or Items whose disclosure to another Party or non-party would create a substantial risk
17 of injury to the Producing Party that could not be avoided by less restrictive means." Jt. Ltr., Ex. 1,
18 Proposed Protective Order ¶ 2.7. However, they disagree as to whether class member contact
19 information falls under this general definition of "Highly Confidential – Attorneys' Eyes Only"
20 material.

21 Plaintiff argues that designating the contact information as "Confidential" under the
22 Protective Order would achieve the necessary protection to ensure that such private information is
23 not disclosed beyond this litigation. Jt. Ltr. at 3. The "Confidential" designation allows disclosure
24 to the parties' counsel, experts, the court and its personnel, the author or recipient of the document,
25 court reporters, and professional vendors to whom disclosure is reasonably necessary for this
26 litigation, as does the "Highly Confidential – Attorneys' Eyes Only" designation. *Id.* In addition,
27 the "Confidential" designation allows disclosure to the officers, directors, and employees of the
28

4

Receiving Party; professional jury or trial consultants; mock jurors; and witnesses during their depositions to whom disclosure is reasonably necessary, but only after they sign an "Acknowledgment and Agreement to Be Bound" statement as required by the Protective Order. *Id.* Plaintiff argues that contact information is not "extremely sensitive"; therefore, designating it "Confidential" rather than "Highly Confidential – Attorneys' Eyes Only" strikes the right balance between protecting it from disclosure and permitting Plaintiff the flexibility to use it effectively in prosecuting her case. *Id.*

Defendant argues that the "Highly Confidential – Attorneys' Eyes Only" designation should include the putative class members' contact information because the Court's October 16 Order "unequivocally mandates that any class contact information produced is ultimately for use by 'Plaintiff's counsel only.'" *Id.* at 5. Defendant further argues that Plaintiff's proposed definition "would potentially grant Plaintiff's counsel a license to disclose the sensitive contact information of potentially tens of thousands of individuals to anyone that is deposed in this case, without explaining any potential need that could ever exist to do so." *Id.* at 6. Defendant contends Paragraph 7.3 of the proposed protective order expressly allows the disclosure of such designated information to the very people that Plaintiff claims may need it: employees of Plaintiff's counsel, experts, the Court and its personnel, court reporters, and professional vendors to whom disclosure is reasonably necessary for this litigation. *Id.* at 5-6; Ex. 1, ¶ 7.3.

Upon review of the parties' arguments, the Court finds that the "Highly Confidential – Attorneys' Eyes Only" designation should include the putative class members' contact information. Plaintiff has failed to offer any explanation of any scenario under which class contact information would need to be disclosed to anyone other than Plaintiff's attorneys and authorized agents as already allowed under Paragraph 7.3. However, should either party determine at a later time that the designation needs to be modified for a specific type of disclosure, the parties shall meet and confer in person and thereafter file either a stipulation and proposed order or a joint discovery dispute letter in compliance with the undersigned's discovery standing order.

3. <u>Stay of the October 16 Order</u>

5

Finally, Defendant states that if the Court declines to adopt its proposed Paragraphs 2.7 and 7.5, Defendant intends to seek review and relief from the District Judge pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2 "because the privacy interests of the putative class members will be irreparably and irreversibly harmed if disclosure of their contact information is required before Defendant has exhausted its opportunity to seek such review and relief." Jt. Ltr. at 6. Defendant's request is GRANTED. The Court hereby STAYS its October 16th Order until after review by the District Judge is sought and completed. Defendant shall file any request for relief by April 10, 2013. If Defendant does not file a request by April 10, the stay shall be automatically lifted.

**IT IS SO ORDERED.**

Dated: March 27, 2013

_____
Maria-Elena James
United States Magistrate Judge