UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERA WILLNER,<br>        Plaintiff,<br><br>    v.<br><br>MANPOWER INC.,<br>        Defendant. | Case No. 11-cv-02846-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 66 |

In this putative class action for violations of California labor laws, Defendant Manpower moves under Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2 for relief from two nondispositive orders issued by Magistrate Judge Maria-Elena James, which require Manpower to disclose putative class members' contact information. For the reasons set forth below, the motion is DENIED.

**I.      BACKGROUND**

Plaintiff Vera Willner brings this putative class action against Manpower "for California Labor Code violations stemming from Defendants' failure to furnish accurate wage statements and failure to timely pay all wages to employees who received their wages by U.S. mail." Third Am. Compl. ¶ 1, ECF No. 44.

On October 16, 2012, Judge James granted Willner's request to compel Manpower to produce putative class members' contact information on the basis that Willner made a prima facie showing that the Rule 23 class action requirements are satisfied and that the requested contact information would allow Willner to present evidence as to whether a class action is maintainable. ECF No. 49. Judge James rejected Manpower's contention that Willner failed to satisfy the requirements of Rule 23 for lack of evidentiary support because such support is not required at this

1    stage of the proceedings. She also rejected Manpower's argument that the disclosure of the
2    requested information would violate the class members' right to privacy because the requested
3    information "is not particularly sensitive," the disclosure of such information is common practice
4    in class actions, and the privacy interests of the putative class members can be protected by
5    entering a stipulated protective order. *Id.* at 7-9.
6        After Judge James' order was issued, the parties met and conferred regarding the language
7    of a stipulated protective order but were unable to reach an agreement as to two provisions. The
8    first provision addressed the method by which the contact information of putative class members
9    would be disclosed. The second provision addressed the question of whether the contact
10   information of putative class members would fall under the definition of "Highly Confidential —
11   Attorneys' Eyes Only." ECF No. 60.
12       On March 27, 2013, Judge James resolved the parties' dispute with respect to the two
13   provisions. ECF No. 63. First, Judge James ordered Manpower to produce to Willner the names,
14   addresses, and phone numbers of putative class members, and she ordered Willner to pay for the
15   implementation of the *Belaire West* opt-out procedure to the extent that Willner intends to contact
16   class members by telephone. The *Belaire West* opt-out procedure involves giving written notice to
17   putative class members before their contact information is disclosed to plaintiffs' counsel so that
18   the class members may have the opportunity to opt-out of the disclosure. *Belaire–West*
19   *Landscape, Inc. v. Superior Court,* 149 Cal.App.4th 554, 561 (2007). Second, Judge James
20   ordered that the contact information of putative class members be designated as "Highly
21   Confidential — Attorneys' Eyes Only" under the stipulated protective order.

## II.  LEGAL STANDARD

23   After a district court refers a pretrial matter to a magistrate judge, the district court may
24   reconsider the matter "where it has been shown that the magistrate judge's order is clearly
25   erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The
26   district judge in the case must consider timely objections and modify or set aside any part of the
27   order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's
28   decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a

mistake has been committed." *Wi-Lan, Inc. v. LG Elec., Inc.*, No. 10-cv-80254, 2011 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011) (citation omitted). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Id.* (citation omitted).

### III.   DISCUSSION

Manpower moves for relief from both of Judge James' orders. It argues that (1) Willner is not entitled to the putative class members' contact information because she has failed to make a prima facie showing that a class action is maintainable; (2) disclosure of the contact information at issue is unjustified because the privacy interests of the putative class members outweigh the need to disclose that information; and (3) any disclosure of the contact information at issue should be performed via a third-party administrator as opposed to via the *Belaire West* opt-out procedure. Manpower requests that the Court stay Judge James' orders until the Court rules on Manpower's motion to phase discovery in this case.[1] ECF No. 66.

The Court finds that Manpower has not shown that Judge James' orders are clearly erroneous or contrary to law. Moreover, a review of the record reveals that Judge James' orders are reasonable and amply supported by Ninth Circuit authority. Accordingly, Defendants' motion for relief from Judge James' orders is DENIED. Manpower's request for a stay of Judge James' orders until its motion to phase discovery is resolved, however, is GRANTED.

**IT IS SO ORDERED**.

Dated: April 21, 2013

_____
JON S. TIGAR
United States District Judge

---

[1] This motion is scheduled for a hearing on May 9, 2013.