United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERA WILLNER,<br><br>    Plaintiff,<br><br>  v.<br><br>MANPOWER INC.,<br><br>    Defendant. | Case No.  11-cv-02846-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**<br><br>Re: ECF No. 68 |

   In this putative class action for violations of state labor laws, Plaintiff Willner moves for leave to amend the complaint to assert a new, individual claim for violations of California Labor Code Sections 201 and 203.  Manpower opposes the motion.  For the reasons set forth below, the motion is GRANTED.

## I.   BACKGROUND

   Plaintiff Vera Willner brings this putative class action against Manpower "for California Labor Code violations stemming from Defendants' failure to furnish accurate wage statements and failure to timely pay all wages to employees who received their wages by U.S. mail."  Third Am. Compl. ("TAC") ¶ 1, ECF No. 44.  Willner filed this action in the Superior Court of Alameda County on March 17, 2011.  Mot. at 2.  Manpower removed the action on June 9, 2011.  ECF No. 1.

   The operative complaint, which Willner filed on May 18, 2012, asserts the following four claims: (1) violations of California Labor Code Section 201.3(b)(1) for failure to pay timely wages; (2) violations of California Labor Code Section 226 for failure to furnish accurate wage statements; (3) violations of California's Unfair Competition Law for failure to provide accurate or timely wage statements and payments; and (4) penalties under the Private Attorney General Act.  TAC, ECF No. 44.  Willner filed an answer to the TAC on June 7, 2012.  ECF No. 45.

Willner now seeks leave to amend the complaint to add a new, individual claim for late payment of wages due upon separation under California Labor Code Sections 201 and 203 ("new claim").  ECF No. 68 & Ex. A.

Manpower opposes the request, arguing that the proposed amendments are untimely and futile.  ECF No. 71.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed.  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  A district court "should freely give leave" to amend a pleading "when justice so requires."  Id.  "Four factors are commonly used to determine the propriety of a motion for leave to amend.  These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).  "Not all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "The party opposing amendment bears the burden of showing prejudice."  DCD Programs, 833 F.2d at 187.  Generally, a court must make the determination of whether to grant leave "with all inferences in favor of granting the motion."  Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

## III.     DISCUSSION

The Court concludes that leave to amend is appropriate, because Manpower has not shown that the proposed amendments would cause it to suffer prejudice, were made in bad faith, or are futile.  In light of Manpower's failure to show prejudice, bad faith, or futility, Willner's delay in seeking amendment is insufficient on its own to justify denying Willner leave to amend.  See DCD Programs, 833 F.2d at 187 (holding that "delay alone is not sufficient to justify the denial of a motion requesting leave to amend").

//

United States District Court
Northern District of California

United States District Court
Northern District of California

**A.      Prejudice**

"Prejudice is the touchstone of the inquiry under rule 15(a)." <u>Eminence Capital,</u> 316 F.3d at 1052 (citation and internal quotation marks omitted).

Here, Manpower submits no evidence of potential prejudice; indeed, the opposition is silent as to this factor.  On the other hand, Willner argues that prejudice to Manpower is unlikely given that this action is in its early stages, as no discovery deadline is in place and Manpower has not yet noticed Willner's deposition.  Mot. at 5.

The Court concludes that Manpower is unlikely to suffer prejudice as a result of the proposed amendments for three reasons.  First, no case deadlines have been set.  <u>Cf.</u> <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994) (affirming denial of leave to amend on the ground that "[t]rial was only two months away, and discovery was completed").  Second, the new claim does not arise out of a new legal theory that would alter the basis or course of the action.  <u>Cf.</u> <u>M/V Am. Queen v. San Diego Marine Const. Corp.</u>, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming denial of leave to amend when "[t]he new allegations would totally alter the basis of the action, in that they covered different acts, employees and time periods necessitating additional discovery").  Instead, the new claim arises out of the same transaction or occurrence as the other claims in the complaint, namely Manpower's alleged failure to mail paychecks to employees on a timely basis.  <u>See</u> TAC ¶¶ 25-26.  Third, Willner has shown that it already has produced informal discovery to Manpower pertaining to the new claim and that counsel for both parties have discussed the factual bases for the new claim.  Mot. at 5; Jaramillo Decl. ¶¶ 8-11.

Accordingly, this factor weighs in favor of granting leave to amend.

**B.      Bad Faith and Frivolousness**

Manpower has submitted no evidence of bad faith or evidence establishing that the new claim is frivolous.  On the other hand, Willner argues that she seeks amendment to "ensure that all of her claims" against Manpower "are presented in the same case."  Mot. at 5.

The Court concludes that these factors weigh in favor of granting leave to amend.

//

//

3

United States District Court
Northern District of California

**C.      Futility**

Manpower argues that the new claim is futile because it mailed a check to Willner on April 19, 2013, for $896 to compensate her for the waiting-time penalties she seeks in connection with the new claim.  Manpower contends that Willner's receipt of this check deprives her of standing to pursue the new claim because the check "made her whole" with respect to that claim.  Opp'n at 3-4, 6.

Willner does not dispute receiving the check but argues that her new claim is not rendered futile because she has neither cashed the check nor intends to cash it, as the as the check does not afford her the complete relief she seeks in connection with the new claim, namely declaratory relief and attorney's fees.  Reply at 6; Supp. Jaramillo Decl. ¶ 5.

 "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); see also United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries.").  "The party asserting mootness carries a heavy burden of establishing that no effective relief remains for the court to provide."  Chang v. United States, 327 F.3d 911, 918-19 (9th Cir. 2003).

The Court finds that Manpower has not met its burden to show that the new claim is moot, as Willner has submitted evidence showing that she has not cashed the check and therefore has not accepted Manpower's settlement offer with respect to that claim.  Supp. Jaramillo Decl. ¶ 5.

Accordingly, this factor weighs in favor of granting leave to amend.

**D.      Undue Delay**

Manpower's strongest argument is that Willner has unduly delayed in seeking amendment. Manpower contends that Willner was aware of the factual and legal bases for the new claim since the outset of the litigation, as she has always known the date on which she was terminated and the date on which she was supposed to receive her last paycheck.  Opp'n at 1.

Willner responds in her reply that she did not unduly delay in seeking amendment because she did not determine that her new claim is justified until Manpower produced certain documents

4

1   "substantiating" the new claim on June 18, 2012.  Reply at 1.[1]

2        Manpower objects to this reply argument and supporting facts, arguing that they constitute

3   "new evidence" within the meaning of Civil Local Rule 7-3(d) and therefore are impermissible in

4   a reply.  See Civil L.R. 7-3(d) ("If new evidence has been submitted in the reply, the opposing

5   party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text,

6   stating its objections to the new evidence, which may not include further argument on the

7   motion.").

8        The Court concludes that Manpower's objections to the reply argument and facts are valid

9   and disregards the arguments and facts at issue for the purpose of resolving this motion.

10       The evidence properly before the Court establishes that Willner delayed in seeking leave to

11  amend the complaint to add the new claim, as Willner was aware of the facts giving rise to the

12  claim at the outset of the litigation.  Therefore, this factor weighs against granting leave to amend.

13       Nevertheless, the Court is not persuaded that this delay is sufficient on its own to justify a

14  denial of leave to amend.  The Ninth Circuit disfavors denials of leave to amend on the basis of

15  undue delay "[w]here there is a lack of prejudice to the opposing party and the amended complaint

16  is obviously not frivolous, or made as a dilatory maneuver in bad faith."  Howey v. United States,

17  481 F.2d 1187, 1190-91 (9th Cir. 1973).  As discussed above, the record is devoid of evidence

18  showing that Manpower would suffer prejudice as a result of the proposed amendments, that the

19  new claim is frivolous, or that Willner has acted in bad faith.  Additionally, though the case has

20  been pending for more than two years, it still is in its early stages given that no case deadlines

21  have been set.  See DCD Programs, 833 F.2d at 188 (finding no unjust delay or resulting prejudice

22  to the party opposing amendment where the "case is still at the discovery stage with no trial date

23  pending, nor has a pretrial conference been scheduled").

24       Accordingly, Willner's motion for leave to amend the complaint is GRANTED.

25  //

26  //

27

28  _____
    [1] These documents show the dates on which Manpower mailed final payments to Willner after her
    termination.  See Supp. Jaramillo Decl., Ex. 1.

United States District Court
Northern District of California

**E.      Conditions to Leave to Amend**

Manpower requests that the Court condition any leave to amend on (1) the bifurcation of this action such that Willner's claims are resolved before any class claims are litigated; and (2) Willner pays for the attorneys' fees and costs that Manpower incurred in opposing this motion. Opp'n at 2.  Willner argues that these conditions are unjustified because Manpower has not shown that it will suffer prejudice from the proposed amendments.

"The district court may, in its discretion, impose reasonable conditions on a grant of leave to amend a complaint.  In determining whether to impose conditions, the factors that are relevant to determining whether to grant leave initially may be considered."  Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1391 (9th Cir. 1985) (internal citation and quotation marks omitted).

The Court declines to exercise its discretion to impose the conditions that Manpower requests because Manpower has not shown that it will be prejudiced by the proposed amendments. Cf. Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1514 (9th Cir. 1995) (affirming imposition of costs as a condition to granting leave to amend a pleading on the basis that "there had been prejudice" to the party opposing amendment).

## IV.      CONCLUSION

Willner's motion for leave to amend the complaint is GRANTED.  Willner may file the proposed fourth amended complaint, which is attached to ECF No. 68 as Exhibit A, within seven days of the date this order is filed.

**IT IS SO ORDERED**.

Dated:  July 1, 2013

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California