1 | JEFFREY C. JACKSON, State Bar No. 140990
KIRK D. HANSON, State Bar No. 167920
2 | JACKSON HANSON, LLP
2790 Truxtun Rd., Suite 140
3 | San Diego, CA 92106
(619) 523-9001; (619) 523-9002 (Fax)
4 | Email: atty@JacksonHanson.com

5 | LAURA L. HO, CA Bar No. 173179
lho@gbdhlegal.com
6 | JOSEPH E. JARAMILLO, CA Bar No. 178566
jjaramillo@gbdhlegal.com
7 | GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
8 | Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)
9

10 | Attorneys for Plaintiff Vera Willner
and the Putative Class

11 | IN THE UNITED STATES DISTRICT COURT

12 | NOTHERN DISTRICT OF CALIFORNIA

13

14 | VERA WILLNER, individually, and on behalf of all others similarly situated,

15 |             Plaintiffs,

16 | vs.

17 | MANPOWER INC., and Does 1 through 50, inclusive,

18 |             Defendants.

Case No.: 3:11-cv-02846 JST (MEJ)

**FOURTH AMENDED COMPLAINT**

**CLASS ACTION CLAIMS:**

(1) Late Wage Payment Penalties (L.C. §§ 201.3, 203)
(2) Failure to Furnish Accurate Wage Statements (L.C. § 226)
(3) Unlawful and/or Unfair Business Practices (Bus. & Prof. C. §§ 17200 *et seq.*)

**LABOR CODE PRIVATE ATTORNEY GENERAL ACT REPRESENTATIVE ACTION CLAIMS:**

(4) Failure to Furnish Accurate Wage Statements (L.C. § 226)
(5) Late Wage Payment Penalties (L.C. §§ 201.3, 204b, 210)

**INDIVIDUAL CLAIM:**

(6) Failure to Pay Wages Upon Separation (L.C. § 203)

**DEMAND FOR JURY TRIAL**

1

1  Plaintiff, Vera Willner ("Plaintiff"), on behalf of herself and all others similarly situated,

2  complains and alleges as follows:

## I.     INTRODUCTION & GENERAL ALLEGATIONS

3

4  1.     Plaintiff brings this action against MANPOWER INC. and DOES 1 through 50

5  (hereinafter also collectively referred to as "Defendants") for California Labor Code violations

6  stemming from Defendants' failure to furnish accurate wage statements and failure to timely pay all

7  wages to employees who received their wages by U.S. mail.

8  2.     Defendants own and operate a temporary employment agency and conduct business

9  throughout the United States, including the State of California and Alameda County.  Plaintiff was an

10  hourly employee of Defendants who received her wages from Defendants by U.S. mail and was paid

11  on a weekly basis, when work was assigned.

12  3.     Defendants' wage payment policy violates Labor Code § 201.3(b)(1) in that employees

13  to whom Manpower mails paychecks receive their wages after the regular payday following the week

14  in which they earned their wages.

15  4.     Defendants' wage statements violate Labor Code § 226 because they fail to show

16  inclusive dates of the period for which the employee is paid and the name and address of the legal

17  entity that is the employer.

18  5.     Plaintiff brings this lawsuit against Defendants on behalf of herself and all other

19  current and former hourly employees of Defendants who receive or received their wages by U.S. mail

20  and who are not or were not jointly employed by a franchisee of Defendant Manpower, Inc. at the

21  same time, seeking, among other things, penalties, attorney's fees, costs, interest and expenses

22  pursuant to the California Labor Code.

23  6.     Plaintiff also brings this lawsuit against Defendants individually because Defendants

24  willfully failed and refused to timely pay wages to Plaintiff at the conclusion of her employment, in

25  violation of California Labor Code §§ 201-203.

## II.     JURISDICTION

26

27  7.     Defendant removed this action from Alameda County Superior Court to this Court on

28  June 9, 2011 pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1446 on

2

439740.4

1  the basis that this Court has jurisdiction over class action lawsuits brought under state law with diverse

2  parties where the aggregate amount in controversy exceeds $5,000,000.  Plaintiff does not contest the

3  Court's jurisdiction under CAFA.

### III.       VENUE

5  8.        Venue is proper in the United States District Court, Northern District of California

6  pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to

7  the claims occurred in this district.

### IV.       PARTIES

**Plaintiffs**

10  9.        Class representative and aggrieved employee Vera Willner resides in Humboldt

11  County, California.  From approximately November 2009 to January 26, 2011, she was employed by

12  Defendants, but not jointly by a franchisee of Manpower, Inc., in Los Angeles, California and received

13  her wages from Defendants Manpower, Inc. by U.S. mail.  On January 26, 2011, Plaintiff was

14  informed that there would be no more work for her and that she was terminated.  In May of 2012,

15  Plaintiff reapplied and became an employee of Defendants, and is ready, willing, and able to accept

16  work assignments from Defendants.

**Defendants**

18  10.       Plaintiff is informed and believes, and based thereon alleges, that MANPOWER INC.

19  is a Wisconsin corporation conducting business in California and Alameda County, and was the

20  employer of Plaintiff, the Class Members, and the aggrieved employees during the applicable class

21  period and applicable statutory periods.

22  11.       Plaintiff is ignorant of the true names, capacities, relationships, and extent of

23  participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 50,

24  inclusive, but on information and belief allege that those Defendants are legally responsible for the

25  payment of wages, penalties and damages to Plaintiff, the Class Members and the aggrieved employees

26  by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such

27  fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of the

28  DOE Defendants when ascertained.

12.     Plaintiff is informed and believes, and based thereon alleges, that the Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff, the Class Members and the aggrieved employees.

### V.        CLASS ACTION ALLEGATIONS

13.     Plaintiff hereby incorporates by reference Paragraphs 1 through 12 above as though fully set forth herein.

14.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class that Plaintiff seeks to represent is defined as follows:

> All persons who were or are employed by Manpower Inc. in California as temporary employees at any time from four years before the filing of the Complaint up to the present who received their wages by U.S. mail, except individuals who were or are at the same time jointly employed by a franchisee of Manpower, including, but not limited to, franchisee CLMP LTD., dba Manpower of Temecula.

Class Representative Plaintiff Willner is a member of the class she seeks to represent.  From at least four years before the filing of the Complaint, and up through the present, the Class Members were employed by Defendants as temporary employees and were subjected to an illegal late payment policy and an illegal wage statement policy in violation of California law, all of which also violates Business & Professions Code §§ 17200 *et. seq.*

15.     **Numerosity.**  The potential members of the class as defined is so numerous that a joinder of all Class Members is impracticable.  While the precise number of Class Members has not yet been determined, Plaintiff is informed and believes that Defendants have employed in excess of 20,000 persons in temporary employee positions in California during the Class Period.

16.     **Commonality.**  There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation, whether, as alleged herein, Defendants have:

1        a.      Failed to provide wage statements that show inclusive dates of the period for

2    which the employee is paid and the name and address of the legal entity that is the employer.

3        b.      Failed to pay the Class Members wages for work performed in a calendar week

4    on or before the regular payday in the following calendar week in violation of Labor Code §

5    201.3(b)(1).; and,

6        c.      Violated Business & Professions Code §§ 17200 *et. seq.* as a result of their

7    illegal conduct as described in subparagraphs a. and b. above.

8        17.    **Typicality.**  The Class Representative Plaintiff's claims are typical of the claims of the

9    class.  The Class Representative Plaintiff was subjected to the same violations of her rights under

10   California law and seeks the same types of damages, penalties, and other relief on the same theories

11   and legal grounds as the members of the class she seeks to represent.

12       18.    **Adequacy of Representation.**  Class Representative Plaintiff Willner will fairly and

13   adequately represent and protect the interests of the Class Members.  Plaintiff's interests are not in

14   conflict with those of the Class Members.  Class Representatives' counsel are competent and

15   experienced in litigating large employment class actions and other complex litigation matters,

16   including cases like this case.

17       19.    **Superiority of Class Action.**  Class certification is appropriate because a class action

18   is superior to other available means for the fair and efficient adjudication of this controversy.  Each

19   Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies

20   and practices set forth above.  Class action treatment will allow those similarly situated persons to

21   litigate their claims in the manner that is most efficient and economical for the parties and the judicial

22   system.

23       20.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

24   prosecution of multiple actions by individual members of the class would result in inconsistent or

25   varying adjudications and create the risk of incompatible standards of conduct for Defendants.

26   Further, adjudication of each individual member's claim as a separate action could be dispositive of the

27   interests of other individuals not party to this action, impeding their ability to protect their interests.

28

439740.4

21.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

22.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the proposed Class timely payment of wages and adequate wage statements.  The damages suffered by individual proposed Class members are small compared to the expense and burden of individual prosecution of this litigation.  Proposed Class members fear workplace retaliation and being prevented from obtaining future employment with Defendants.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

23.     Plaintiff intends to send notice to all members of the proposed Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure.  The names and addresses of members of the proposed Class are available from Defendants.

## FIRST CAUSE OF ACTION
### LATE WAGE PAYMENT PENALTIES
### (Cal. Lab. Code §§ 201.3, 203)

24.     Plaintiff hereby incorporates by reference Paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendants are a "temporary services employer" within the meaning of Labor Code § 201.3(a)(1).  Labor Code § 201.3(b)(1) requires that temporary services employers pay wages for work performed during any calendar week "not later than the regular payday of the following calendar week."

26.     Defendants mail checks to Plaintiff and putative class members who do not participate in its direct deposit program.  Defendants inform their employees that "[s]hould you not participate in Direct Deposit, Manpower has no control over prompt delivery of your paycheck."  Plaintiff and

1  putative class members do not receive their wages for work performed on or before the regular payday

2  in the following calendar week in violation of Labor Code § 201.3(b)(1).

3       27.     Defendants' failure to pay timely wages was intentional and willful because they

4  mailed all paychecks to California employees from Texas on the payday following the week in which

5  they worked.  Therefore, Defendants knew or should have known that Class Members, all of whom are

6  or were California employees, would not receive their paychecks for at least two to three days after the

7  payday of the following calendar week.  Plaintiff routinely received her paychecks from Defendants

8  two to three days after the payday of the calendar week following the week in which she worked.

9  Plaintiff's paychecks arrived in an envelope postmarked from Texas with a date that was two to three

10  days prior to the date that she received her paycheck.

11       28.     As a result of their violation of Labor Code § 201.3(b)(1), Defendants are liable under

12  Labor Code § 201.3(c) to Plaintiff and the Class Members for the penalties provided for in Labor Code

13  § 203 and to any other penalties available at law.

14                      **SECOND CAUSE OF ACTION**
                **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
15                         **(Cal. Lab. Code § 226)**

16       29.     Plaintiff hereby incorporates by reference Paragraphs 1 through 28 above as though

17  fully set forth herein.

18       30.     Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to

19  provide a statement itemizing, *inter alia*, the inclusive dates of the period for which the employee is

20  paid and the name and address of the legal entity that is the employer, then the employee is entitled to

21  recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred

22  dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

23       31.     Since at least July 14, 2004, Defendants have knowingly and intentionally failed to

24  furnish, and continue to knowingly and intentionally fail to furnish Class Members itemized statements

25  showing inclusive dates of the period for which the employee is paid and the name and address of the

26  legal entity that is the employer, as required by Labor Code § 226(a), and Class Members have

27  suffered injury as a result.  Plaintiff and Class Members suffered injury because Defendants' failure to

28  include the information required by Labor Code § 226(a) required them to refer to outside sources to

439740.4

1    determine whether Defendants paid them for all hours worked during the applicable pay period and to

2    find the address of the legal entity that is the employer.  Accordingly, Defendants are liable to Class

3    Members for the amounts provided by California Labor Code § 226(e), as well as their attorney's fees

4    and costs.  Plaintiff is also entitled to injunctive relief, and an award of costs and reasonable attorneys'

5    fees, pursuant to Labor Code § 226(g).

6                              **THIRD CAUSE OF ACTION**
                              **UNFAIR COMPETITION LAW**
7                           **(Cal. Bus. & Prof. C. §§ 17200 *et seq*.)**

8           32.      Plaintiff hereby incorporates by reference Paragraphs 1 through 31 above as though

9    fully set forth herein.

10          33.      Plaintiff is currently employed by Defendant Manpower, Inc.

11          34.      Defendants' failure to provide accurate wage statements to temporary employees who

12   received their paychecks by U.S. mail, and failure to pay timely wages to temporary employees who

13   received their paychecks by U.S. mail constitute unlawful acts prohibited by the UCL (Cal. Bus. &

14   Prof. C. §§ 17200-17208).

15          35.      As a result of these unlawful acts, Defendants have reaped unfair benefits and illegal

16   profits at the expense of Plaintiff and the Class Members.  Defendants must be subject to other

17   equitable relief pursuant to Business & Professions Code § 17203, including, but not limited to, an

18   order enjoining Defendants from further violations of California law as alleged herein.

19                           **FOURTH CAUSE OF ACTION**
                     **LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
20                           **(Lab. C. §§ 2698-2699.5)**

21          36.      Plaintiff hereby incorporates by reference Paragraphs 1 through 35 above as though

22   fully set forth herein.

23          37.      Plaintiff is an "aggrieved employee" under the California Labor Code Private Attorney

24   General Act ("PAGA") as she was employed by Defendants during the applicable statutory period and

25   suffered one or more of the Labor Code violations alleged herein.  As such, she seeks to recover, on

26   behalf of herself and all other current and former aggrieved employees of Defendants, the civil

27   penalties provided by PAGA, including civil penalties for failure to pay timely wages provided under

28   Labor Code § 210, plus reasonable attorney's fees and costs.

38.     Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.  Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

39.     Pursuant to Labor Code § 2699.3 (a), on December 16, 2010, Plaintiff Willner gave written notice by certified mail to Defendant and the Labor and Workforce Development Agency ("LWDA") of the Labor Code § 226 inaccurate wage statement claims, including the facts and theories supporting these claims. On February 7, 2011, the LWDA notified Plaintiff and Defendant, via certified mail, that it does not intend to investigate the allegations.  (See Exhibits A and B attached hereto.)

40.     Pursuant to Labor Code § 2699.3 (a), on May 10, 2011, Plaintiff Willner gave written notice by certified mail to Defendant and the LWDA of the Labor Code §§ 201.3(b)(1), 204b and 210 violations, including the facts and theories supporting the claims.  (See Exhibit C attached hereto.)  In the same letter, Plaintiff Willner made a demand on Defendant for penalties as required by Labor Code § 211.  As of the date of this Second Amended Complaint, the LWDA has not responded to Plaintiff's letter, nor has Defendant responded to Plaintiff's demand pursuant to Labor Code § 211.

**FIFTH CAUSE OF ACTION**
**FAILURE TO TIMELY PAY WAGES DUE AT SEPARATION**
**(Cal. Labor Code §§ 201, 203)**

41.     Plaintiff hereby incorporates by reference Paragraphs 1 through 40 above as though fully set forth herein.

42.     On January 26, 2011, Plaintiff was informed by Defendants that there would be no more work for her and that she was terminated.

43.     On or about February 2, 2011, Plaintiff received a portion of her wages.  On or about February 7, 2011, Plaintiff received her final paycheck.

44.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

439740.4

45.    Where an employer willfully fails to pay discharged or quitting employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

46.    Defendants, who controlled the timing of wage payment to Plaintiff, knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff compensation due upon termination of employment as required by California Labor Code §§ 201 and 202.  As a result, Plaintiff did not receive timely payment of termination wages pursuant to California Labor Code § 201.  Defendants are therefore liable to Plaintiff for waiting time penalties as required by California Labor Code § 203.

47.    Plaintiff requests that the Court award all waiting time penalties due and the relief requested below in the Prayer for Relief.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally as follows:

1.    That the First, Second, Third, and Fourth Causes of Action be certified as a class action;

2.    That Plaintiff be appointed as the Class Representative;

3.    That counsel for Plaintiff be appointed Class Counsel;

4.    For waiting time penalties, plus attorney's fees and costs under the First Cause of Action pursuant to Labor Code § 201.3(c);

5.    For statutory penalties, plus attorneys' fees and costs under the Second Cause of Action pursuant to Labor Code § 226;

6.    For waiting time penalties, plus attorneys' fees and costs under the Fifth Cause of Action pursuant to Labor Code § 203;

7.    That Defendants be declared to have engaged in unfair competition and/or unlawful acts prohibited under Business & Professions Code §§ 17200 *et seq.* as a result of the Labor Code violations alleged herein;

10

439740.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.      That Defendants be enjoined from further engaging in the unfair competition and unlawful acts alleged herein in violation of Business & Professions Code §§ 17200 *et seq*., including that Defendants be ordered to timely pay wages to Class Members and to furnish them with timely, itemized wage statements showing inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer;

9.      That Defendants be ordered pursuant to Labor Code § 226(g) to provide Class Members with timely, itemized wage statements showing inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer;

10.     For all applicable civil penalties under the Fourth Cause of Action provided for by the California Labor Code Private Attorney General Act (Lab. C. §§ 2698 *et seq*.) as a result of Defendants' violations of the Labor Code as alleged herein, including civil penalties for failure to pay timely wages provided for in Labor Code § 210;

11.     For reasonable attorney's fees and costs as provided for under the Labor Code, including the Labor Code Private Attorney General Act, and under Code of Civil Procedure § 1021.5;

12.     For pre-judgment interest on all amounts recovered herein pursuant to Civil Code § 3287.

13.     For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Dated: April 15, 2013                      Respectfully submitted,

                                           /s/ Joseph E. Jaramillo
                                           LAURA L. HO, CA Bar No. 173179
                                           JOSEPH E. JARAMILLO, CA Bar No. 178566
                                           GOLDSTEIN, BORGEN, DARDARIAN & HO
                                           300 Lakeside Drive, Suite 1000
                                           Oakland, CA  94612
                                           (510) 763-9800
                                           (510) 835-1417 (Fax)

439740.4

1  KIRK D. HANSON, State Bar No. 167920
2  JEFFREY C. JACKSON, State Bar No. 140990
   JACKSON HANSON, LLP
3  2790 Truxtun Road, Suite 140
   San Diego, CA  92106
4  (619) 523-9001
   (619) 523-9002 (Fax)
5
6  Attorneys For Plaintiff Vera Willner and the Putative Class

FOURTH AMENDED COMPLAINT - CASE NO.:   3:11-CV-02846 JST (MEJ)

439740.4

# EXHIBIT A

**JACKSON HANSON LLP**
ATTORNEYS AT LAW
2790 Truxtun Rd., Suite 140
San Diego, CA 92106
Tel. (619) 523-9001
Fax (619) 523-9002

December 16, 2010

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814
<u>Via Certified Mail</u>

Re: Vera Willner v. Manpower Inc.

<strong><u>Labor Code Private Attorney General Act Claim Letter</u></strong>

To Whom It May Concern:

Please be advised that my office has been retained by Vera Willner to pursue a Labor Code Private Attorney General Act (PAGA) representative action (L.C. § 2698 et seq.) against her employer Manpower Inc. ("Manpower"). Ms. Willner wishes to pursue this action on behalf of herself as an aggrieved employee and on behalf of all other current and former employees who work/worked for Manpower within the applicable statutory period. Ms. Willner works for Manpower as a temporary employee, and suffered the violations set forth below.

### 1. Wage Statement Violation (L.C. §226)

California Labor Code §226(a) requires the employer, at the time of each payment of wages, to provide its employees with an accurate written statement that lists, among other things, the inclusive dates of the period for which the employee is paid and the name and address of the legal entity that is the employer.

Manpower pays its employees on a weekly basis. Manpower violates §226(a) every pay period with respect to every employee because the wage statements Manpower gives to its employees fail to list (1) the inclusive dates of the pay period and (2) the name and address of the legal entity that is the employer. This prevents the employees from being able to determine whether they are being paid correctly for all hours worked.

Violations of §226(a) are specifically included in PAGA. See L.C. §2699.5. As such, Manpower is liable for penalties in the amount of $100 per employee, per pay period within the applicable statute of limitations (e.g. $400 per month, per employee). Ms. Willner seeks to

recover these penalties on behalf of herself and all other current and former aggrieved employees of Manpower pursuant to PAGA.

## 2. Wage Statement Violation ( Wage Orders, L.C. §§1199, 1198)

Subsection 7(B)(2) of Wage Orders 1-13 and 15, Subsection 7(C)(2) of Wage Order 14 and Subsection 6(B)(2) of Wage Order 16, also require the employer to provide a written statement to the employee along with the paycheck, that accurately states, among other things, the inclusive dates of the period for which the employee is paid and the name of the employer.

The rule set forth above is violated every pay period as to each Manpower employee because the wage statements Manpower provides to its employees fail to list the inclusive dates of the pay period and the address of the employer. This in turn violates Labor Code §§ 1198 and 1199, which incorporate all provisions of the Wage Orders. Violations of §§1198 and 1199 are specifically covered by PAGA. See L.C. §2699.5. As such, Ms. Willner seeks to recover on behalf of herself and all other current and former aggrieved employees, PAGA penalties in the amount of $100 per pay period, per employee, within the applicable statutory period.

## 3. Vacation Pay Violation (L.C. §227.3)

Manpower's vacation pay policy states that it pays employees 40 hours of vacation once the employee has worked 1,500 hours in a year. However, Manpower's policy also states that employees who have earned the 40 hours of vacation pay due to working 1,500 hours will forfeit their vacation pay if they do not work for Manpower for a period of 90 days. This is an illegal forfeiture of vacation pay in violation of Labor Code §227.3 and Suastez v. Plastic Dress-Up Co. (1982) 31 Cal.3d 774. Manpower also violates §227.3 and Suastez because when an employee is discharged or quits before they work the full 1,500 hours, Manpower does not pay out the proportional share of vacation pay that the employee earned based upon the hours the employee did work. Accordingly, Ms. Willner seeks to recover on behalf of herself and all other current and former employees, PAGA penalties in the amount of $100 for each employee, for each pay period in which a vacation pay violation occurred.

Should you have any questions concerning the PAGA claims described above, please do not hesitate to contact me.

Regards,

Kirk D. Hanson, Esq.

CC: Via certified mail:

McGuire Woods LLP.
Matthew C. Kane, Esq.
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Attorneys for Manpower Inc.

# EXHIBIT B



STATE OF CALIFORNIA
# Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

February 07, 2011                                        **CERTIFIED MAIL**

Kirk D. Hanson, Esq.
Jackson Hanson LLP
1310 Rosecrans Street, Suite A
San Diego, CA 92106

RE: Employer:    Manpower, Inc. c/o McGuire Woods LLP
RE: Employee(s): Vera Willner
RE: LWDA No:    7403

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked December 16, 2010, and after
review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc:  Manpower, Inc. c/o McGuire Woods LLP
     1800 Century Park East, 8th Floor
     Los Angeles, CA 90067

801 K Street, Suite 2101 • Sacramento, California 95814 • TEL (916) 327.9064 • FAX (916) 327.9158 • www.labor.ca.gov

# EXHIBIT C

FILE COPY

# GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
## A PROFESSIONAL CORPORATION

OF COUNSEL:
BARRY GOLDSTEIN

300 LAKESIDE DRIVE, SUITE 1000
OAKLAND, CALIFORNIA 94612-3536
WWW.GDBLEGAL.COM

TELEPHONE: 510/763-9800
FACSIMILE: 510/835-1417

May 11, 2011

<u>Via Certified Mail</u>

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

7004 2510 0001 2722 2812

7004 2510 0001 2722 2829

Manpower Inc. c/o
National Registered Agents, Inc.
2875 Michelle Drive, Ste 100
Irvine, CA 92606

Re:   <u>Vera Willner v. Manpower Inc.</u>
      *Supplemental Labor Code Private Attorney General Act Claim Letter*

To Whom It May Concern:

Please be advised that my office, along with Jackson Hanson LLP, has been retained by Vera Willner to pursue a Labor Code Private Attorney General Act (PAGA) representative action (L.C. § 2698 et seq.) against her former employer Manpower Inc. ("Manpower"). Ms. Willner wishes to pursue this action on behalf of herself as an aggrieved employee and on behalf of all other current and former employees who work/worked for Manpower within the applicable statutory period. Ms. Willner worked for Manpower as a temporary employee, and suffered the violations set forth below.

### Failure to Timely Pay Wages to Temporary Employees (L.C. § 201.3(b)(1))

Manpower fails to pay timely wages under L.C. § 201.3(b)(1). That section requires that, for employees of a temporary services employer like Manpower, "wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week." However, Manpower mails paychecks to employees in California who do not participate in direct deposit such that they do not receive their wages for work performed on or before the regular payday in the following calendar week. Indeed, Manpower specifically informs its employees, "[s]hould you not choose to participate in Direct Deposit, Manpower has no control over prompt delivery of your paycheck."

Violations of L.C. § 201.3 are specifically included in PAGA. *See* L.C. § 2699.5. As such, Manpower is liable for penalties in the amount of $100 per aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each

271462-1

California Labor & Workforce      -2-               March 16, 2011
  Development Agency

subsequent violation within the applicable statute of limitations. Ms. Willner seeks to recover these penalties on behalf of herself and all other current and former aggrieved employees of Manpower in California pursuant to PAGA.

### Failure to Timely Pay Weekly Wages (L.C. § 204b)

Manpower fails to pay timely wages under L.C. § 204b. That section requires that employees paid on a weekly basis on a regular payday designated by the employer who perform work prior to or on the regular payday in a given week be paid not later than the payday in the next calendar week. However, Manpower mails paychecks to employees in California who do not participate in direct deposit such that they do not receive their wages for work performed prior to or on the regular payday on or before the payday in the next calendar week.

L.C. § 210 provides a civil penalty for failure to make timely payments under L.C. § 204b of $50 for each failure to pay each employee for an initial violation and $100 for each subsequent violation, plus 25 percent of the amount unlawfully withheld. Ms. Willner seeks to recover these penalties on behalf of herself and all other current and former aggrieved employees of Manpower in California pursuant to PAGA.

Ms. Willner, on behalf of the state, demands that Manpower pay all sums owed to herself and all other current and former aggrieved employees of Manpower in California during the applicable statute of limitations pursuant to L.C. §§ 204b, 210 and 211.

Should you have any questions concerning the PAGA claims described above, please do not hesitate to contact me.

Sincerely,

Joseph Jaramillo

JEJ/slw

271462-1



