1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   VERA WILLNER,                        Case No.  11-cv-02846-JST

                Plaintiff,
8                                        **ORDER GRANTING IN PART AND**
                                         **DENYING IN PART MANPOWER'S**
9        v.                              **MOTION FOR JUDGMENT ON THE**
                                         **PLEADINGS OR SUMMARY**
10  MANPOWER INC.,                       **JUDGMENT; GRANTING MOTION**
                                         **FOR LEAVE TO AMEND THE**
                Defendant.               **COMPLAINT; GRANTING**
11                                       **WILLNER'S MOTION FOR SUMMARY**
12                                       **JUDGMENT**

13                                       Re: ECF No. 76, 95, 100, 101, 106

14          Three motions are pending in this putative class action for violations of California labor

15  laws.  First, Defendant Manpower moves for judgment on the pleadings or for summary judgment

16  with respect to four of the five claims that Plaintiff Willner has asserted in the operative

17  complaint.  Second, Willner moves for leave to file a fifth amended complaint.  Third, Willner

18  moves for summary judgment on her claim for PAGA penalties in connection with Manpower's

19  purported violations of California Labor Code section 226.  Each of these motions is opposed.  For

20  the reasons set forth below, Manpower's motion for judgment on the pleadings or summary

21  judgment is GRANTED IN PART and DENIED IN PART, and both of Willner's motions are

22  GRANTED.

23  I.      **BACKGROUND**

24          A.      **The Parties and Claims**

25          Plaintiff Vera Willner is an hourly employee of Manpower, which operates a "temporary

26  employment agency."  Fifth Am. Compl. ("FAC") ¶ 2.[1]  She received her wages from Manpower

27  _____

28  [1] As will be discussed in section II of this order, the Court will grant Willner's motion to amend
    the complaint.  Accordingly, the operative complaint is Willner's proposed Fifth Amended

by U.S. mail and was paid on a weekly basis when work was assigned to her.  Id.

Willner brings this putative class action against Manpower "for California Labor Code violations stemming from [Manpower's] failure to furnish accurate wage statements and failure to timely pay all wages to employees who received their wages by U.S. mail." Id. ¶ 1.

Willner asserts the following five claims in the operative complaint: (1) violations of California Labor Code section 201.3(b)(1) for failure to pay timely weekly wages; (2) violations of California Labor Code section 226 for failure to furnish accurate wage statements; (3) violations of California's Unfair Competition Law ("UCL") for failure to provide accurate wage statements and to pay timely wages; (4) penalties under the Private Attorney General Act ("PAGA") for failure to provide accurate wage statements and to pay timely wages; and (5) violations of California Labor Code sections 201 and 203 for failure to pay timely wages due at separation.

Willner seeks to represent two classes of temporary employees.  First, in connection with her claims under section 201.3(b)(1), the UCL (to the extent that the claim is premised on violations of section 201.3(b)(1)), and PAGA (to the extent that the claim is premised on violations of section 201.3(b)(1)), she seeks to represent:

> All persons who were or are employed by Manpower Inc. in California as temporary employees at any time from four years before the filing of the Complaint up to the present who received their wages by U.S. mail, except individuals who were or are at the same time jointly employed by a franchisee of Manpower, including, but not limited to, franchisee CLMP LTD., dba Manpower of Temecula.

FAC ¶¶ 5, 14.

Second, in connection with her claims under section 226, the UCL (to the extent that the claim is premised on violations of section 226), and PAGA (to the extent that the claim is premised on violations of section 226), she seeks to represent:

//

//

Complaint.

United States District Court
Northern District of California

> All persons who were or are employed by Manpower Inc. in California as temporary employees at any time from one year before the filing of the Complaint up to the present who received their wage statements from Manpower Inc. by US. mail or by electronic transmission, except individuals who were or are at the same time jointly employed by a franchise of Manpower, including, but not limited to franchise CLMP LTD., dba Manpower of Temecula.

FAC ¶¶ 5, 14.

**B.      Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. § 1332(d).

## II.      MOTION FOR LEAVE TO AMEND THE COMPLAINT

**A.      Legal Standard**

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave" to amend a pleading "when justice so requires." Id. "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). "Not all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at 187. Generally, a court must make the determination of whether to grant leave "with all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

**B.      Analysis**

After the Court took under submission Manpower's motion for judgment on the pleadings or summary judgment, Willner filed a motion for leave to file a fifth amended complaint to expand her class allegations with respect to Manpower's purported violations of section 226 to cover all

United States District Court
Northern District of California

1   temporary employees in California regardless of how they received their wage statements.  ECF

2   No. 100 at 1.  Previously, this putative class claim had been limited to temporary employees who

3   had received their wage statements via mail.  See Fourth Am. Compl. ¶ 14, ECF No. 80.  Willner

4   argues that the proposed amendment will not affect the determination of the pending motion for

5   judgment on the pleadings or summary judgment because it "does not add (or take away) causes of

6   action nor add any new theories of liability."  Mot. at 3, ECF No. 100.  Willner contends that the

7   proposed amendment was precipitated by the testimony of Bonnie Matson, Manpower's Rule

8   30(b)(6) witness, which established that all of Manpower's temporary employees receive wage

9   statements that are in the same format as the ones that Willner received by mail.  Id. at 3-4.

10       Manpower opposes the motion, arguing that Willner seeks the proposed amendment in bad

11  faith, that the proposed amendment is futile, and that Willner unduly delayed in seeking the

12  proposed amendment.  Manpower contends that one of the previous iterations of the complaint

13  asserted a section 226 claim for inaccurate wage statements on behalf of all of Manpower's

14  employees in California, but Willner later narrowed the scope of that claim to cover only

15  employees who received their wage statements via mail in order to avoid transfer of this action to

16  another district where other identical putative class claims were pending.  ECF No. 103 at 2-3; see

17  also ECF No. 28.  Manpower contends that Willner's self-limitation of her section 226 claims

18  constitutes a waiver of any allegations pertaining to section 226 violations that cover all of

19  Manpower's temporary employees.  Manpower further argues that Willner unduly delayed in

20  seeking the proposed amendment because she has known of its factual and legal basis since the

21  outset of the litigation.  Finally, in the event that the Court grants Willner's request for leave to

22  amend, Manpower requests that the Court enter an order awarding Manpower the costs and

23  attorney's fees it incurred in opposing this motion and precluding Willner from conducting

24  additional discovery in connection with the newly-expanded section 226 allegations.

25       Willner responds that she has not waived any claims or allegations, because no prior

26  iteration of the complaint has asserted section 226 claims on behalf of a class that includes all of

27  Manpower's employees in California.  ECF No. 105.  Instead, each of the prior iterations of the

28  complaint has limited the scope of the section 226 allegations to employees who received their

4

United States District Court
Northern District of California

1    wage statements by mail.  Willner further contends that she did not delay in seeking the proposed

2    amendment, because the basis for the amendment is evidence that she obtained recently through

3    the deposition of Bonnie Matson.

4           The Court concludes that granting leave to amend is appropriate.  Manpower does not

5    contend that it would be prejudiced by the proposed amendment, which is the factor that carries

6    the greatest weight in the Rule 15(a) analysis.  Instead, Manpower's opposition invites the Court

7    to deny leave on the grounds of bad faith, futility, and undue delay, but its arguments are

8    unpersuasive and insufficient to justify denying the requested leave.  A review of the previously

9    filed complaints reveals that Willner's section 226 claims have always been limited to employees

10   who received their wages via mail.  See First Am. Compl. ¶¶ 16, 38, ECF No. 1, Ex. B; Second

11   Am. Compl. ¶ 2, ECF No. 3; Third Am. Compl. ¶ 5, ECF No. 44.  Accordingly, because it is not

12   the case that Willner previously asserted section 226 claims on behalf of a class that includes all of

13   Manpower's employees in California, Manpower's arguments of bad faith and waiver are

14   unsound.  Moreover, Willner has provided a justification for the timing of the proposed

15   amendment, namely that she discovered the evidence necessary to support it during the recent

16   deposition of Manpower's Rule 30(b)(6) witness.  As such, Manpower's arguments of undue

17   delay also are unavailing.  Willner's motion for leave to file the proposed amended complaint is

18   GRANTED.

19          Manpower's request for sanctions or for an order limiting discovery as a condition to

20   granting leave to amend is DENIED.  The cases that Manpower cites in support of its request

21   establish that the imposition of sanctions under Rule 15 is appropriate when doing so would

22   prevent prejudice to the party opposing amendment.  See Gen. Signal Corp. v. MCI

23   Telecommunications Corp., 66 F.3d 1500, 1514 (9th Cir. 1995) (holding that "a district court, in

24   its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in

25   order to compensate the opposing party for additional costs incurred because the original pleading

26   was faulty" and thus prejudicial to the party opposing amendment); see also Firchau v. Diamond

27   Nat. Corp., 345 F.2d 269, 275 (9th Cir. 1965) (holding that, in deciding a motion for leave to

28   amend a pleading, the district court may "prescribe as a condition reasonable terms compensating

1   [the party opposing amendment] for any loss or expense occasioned by [the] failure to file

2   adequate pleadings in the first instance").  Here, Manpower has made no showing of prejudice;

3   thus, the Court finds that there are no grounds for the imposition of monetary sanctions or the

4   imposition of limits on discovery.

5        Willner shall file the proposed Fifth Amended Complaint she attached to her motion within

6   five court days of the date this order is filed.  The Court will treat the Fifth Amended Complaint as

7   the operative complaint for the purpose of determining the other pending motions in this action.

8   **III.**    **MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT**

9        **A.**    **Legal Standards**

10          **1.**    **Judgment on the Pleadings**

11       A party may move for judgment on the pleadings "after the pleadings are closed . . . but

12  early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "A judgment on the pleadings is properly

13  granted when, taking all the allegations in the non-moving party's pleadings as true, the moving

14  party is entitled to judgment as a matter of law."  <u>Fajardo v. Cnty. of Los Angeles</u>, 179 F.3d 698,

15  699 (9th Cir. 1999).  "Judgment may only be granted when the pleadings show that it is beyond

16  doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

17  relief."  <u>Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.</u>, 132 F.3d 526, 529 (9th Cir.

18  1997) (citations and internal quotation marks omitted).

19          **2.**    **Summary Judgment**

20       Summary judgment is proper when a "movant shows that there is no genuine dispute as to

21  any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

22  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by"

23  citing to depositions, documents, affidavits, or other materials.  Fed. R. Civ. P. 56(c)(1)(A).  A

24  party also may show that such materials "do not establish the absence or presence of a genuine

25  dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R.

26  Civ. P. 56(c)(1)(B).  An issue is "genuine" only if there is sufficient evidence for a reasonable

27  fact-finder to find for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-

28  49 (1986).  A fact is "material" if the fact may affect the outcome of the case.  <u>Id.</u> at 248.  "In

United States District Court
Northern District of California

considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party."  Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

Where the party moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial.  See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000).  Where the party moving for summary judgment would not bear the burden of proof at trial, that party bears the initial burden of either producing evidence that negates an essential element of the non-moving party's claim, or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.  If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show that a genuine issue of material fact exists.  See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000).  The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).  Indeed, it is not the duty of the district court to "to scour the record in search of a genuine issue of triable fact."  Id.  "A mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint."  Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997) (citation and internal quotation marks omitted).  If the non-moving party fails to make this showing, the moving party is entitled to summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**B.    Analysis**

Willner moves for judgment on the pleadings or for summary judgment with respect to four of the five claims that Willner asserts in the operative complaint.[2]  ECF No. 76.  Willner, on

---

[2] Though Manpower's motion references Willner's Third Amended Complaint ("TAC"), as opposed to the operative complaint, the motion still applies to the operative complaint because the claims in both pleadings are identical with the exception of the scope of the class claims pertaining

United States District Court
Northern District of California

the other hand, moves for summary judgment on her claim for PAGA penalties in connection with Manpower's purported violations of section 226.  ECF No. 101.  The only claim not at issue in the motions is Willner's claim for violations of California Labor Code sections 201 and 203 for failure to pay timely wages due at separation.

### 1.    Late Payment of Wages under Section 201.3(b)(1)

Willner alleges that Manpower failed to pay timely *weekly* wages to its temporary employees who receive their paychecks via U.S. mail in violation of section 201.3(b)(1) of the Labor Code.  FAC ¶¶ 24-28.  Manpower allegedly mails paychecks to employees who choose to receive their paychecks via mail "on the payday following the week in which they worked," which results in employees receiving their paychecks "at least two or three days after the payday of the following calendar week."  Id. ¶ 27.  Willner avers that she "routinely received her paychecks from [Manpower] two to three days after the payday of the calendar week following the week in which she worked," and that her "paychecks arrived in an envelope postmarked from Texas with a date that was two to three days prior to the date that she received her paycheck."  Id.  Willner seeks penalties under California Labor Code section 203 in connection with these purported violations of section 201.3(b)(1).  Id.

Manpower moves for judgment on the pleadings or for summary judgment with respect to this claim on the ground that penalties under section 203 are not recoverable for violations of section 201.3(b)(1).  Manpower argues that the language of section 203(a), which includes the phrase "wages of an employee who is discharged or who quits," limits the applicability of that statute to violations of sections 201.3(b)(4) and (b)(5) of the California Labor Code, which govern the timing of *final* wages, as opposed to *weekly* wages, to temporary services employees upon the termination of employment.

Willner opposes the motion, arguing that section 203(a) penalties are not limited to violations of section 201.3(b)(4) and (b)(5), because section 203 does not contain any language that limits its scope.  Willner argues that the inclusion of the phrase "wages of an employee who is

to Manpower's purported violations of section 226, as discussed in section II of this order.

discharged or who quits" in section 203(a) merely requires an employee to wait to recover penalties under that section until after the employment relationship has ended. As such, Willner contends that an employee may recover section 203(a) penalties for violations of 201.3(b)(1), so long as she seeks to recover such penalties after the employment relationship has ended.

The Court concludes that a temporary employee cannot recover penalties under section 203(a) at any time for the late payment of weekly wages in violation of section 203.1(b)(1) because: (1) the plain language of section 203(a) does not clearly and unmistakably indicate that such a right exists; (2) Willner has not shown that the legislative history of section 203.1 clearly indicates that the legislature intended to create such a right; and (3) Willner has not shown that any state or federal court has ever held that such a right exists.

Under California law, the "[a]doption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages. If the Legislature intends to create a private cause of action, [courts] generally assume it will do so directly . . . in clear, understandable, unmistakable terms . . ." Vikco Ins. Servs., Inc. v. Ohio Indem. Co., 82 Cal. Rptr. 2d 442, 447 (Cal. Ct. App. 1999) (citation and internal quotation marks omitted).

Here, neither section 201.3 nor section 203, which Section 201.3 incorporates by reference, clearly and unmistakably permits a temporary services employee to recover penalties for the untimely payment of weekly wages. Instead, as will be discussed below, the penalties in section 203(a) are expressly limited to the late payment of *final* wages owed to employees who have been discharged or who have quit.

Section 203.1 contains three provisions that govern the timing of the payment of wages to temporary services employees. The first of these provisions is section 203.1(b)(1), which regulates the payment of weekly wages. This is the only provision of section 203.1 that is at issue in this action. It provides that:

//

//

9

> [I]f an employee of a temporary services employer is assigned to work for a client, that employee's *wages are due and payable no less frequently than weekly,* regardless of when the assignment ends, and *wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week.* A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision.

Cal. Lab. Code 203.1(b)(1) (emphasis added).

The other two provisions, section 203.1(b)(4) and section 203.1(b)(5), regulate the timing of the payment of *final* wages to a temporary employee *after* the employment relationship has ended.

Section 203.1(b)(4) applies to the payment of final wages to employees who have been discharged. It provides that:

> If an employee of a temporary services employer is assigned to work for a client and is discharged by the temporary services employer or leasing employer, wages are due and payable as provided in Section 201.

Cal. Lab. Code. 203.1(b)(4).

Section 203.1(b)(5), in turn, governs the timing of the payment of final wages to employees who have quit. It provides that:

> If an employee of a temporary services employer is assigned to work for a client and quits his or her employment with the temporary services employer, wages are due and payable as provided in Section 202.

Cal. Lab. Code. 203.1(b)(5).

Section 201.3(c), the statute's enforcement provision, provides that:

> A temporary services employer who violates this section shall be subject to the civil penalties provided for in Section 203, and to any other penalties available at law.

Cal. Lab. Code. 203.1(c).

Section 203(a), in turn, contains the civil penalties referenced in Section 201.3(c). It provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, *any wages of an employee who is discharged or who quits*, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203(a) (emphasis added).

10

United States District Court
Northern District of California

1    The plain language of section 203(a) clearly indicates that its penalties are limited to

2    violations of sections 201.3(b)(4) and 201.3(b)(5).  Specifically, section 203(a) provides that its

3    penalties apply to the willful failure to pay "any wages of an employee who is discharged or who

4    quits."  The terms "discharged" and "quits" are direct and parallel references to the provisions of

5    sections 201.3(b)(4) and 201.3(b)(5), respectively.

6    The inclusion of the phrase "any wages of an employee who is discharged or who quits" in

7    section 203(1) undermines Willner's argument that the penalties in section 203(a) also apply to

8    violations of section 201.3(b)(1), which governs the timing of *weekly* wages *prior* to the

9    termination of the employment relationship.  If the legislature had intended section 203(a) to apply

10   to 201.3(b)(1)'s weekly wages provision, then the legislature simply could have omitted the phrase

11   "any wages of an employee who is discharged or who quits" from section 203(a).  The inclusion

12   of this language, at best, creates ambiguity as to whether the penalties in section 203(a) apply to

13   section 201.3(b)(1).  In light of this ambiguity, the Court cannot conclude that the legislature

14   "clearly" and "unmistakably" intended the penalties in section 203(a) to apply to violations of

15   section 201.3(b)(1).  See Vikco, 82 Cal. Rptr. 2d at 447 ("If the Legislature intends to create a

16   private cause of action, we generally assume it will do so "directly . . . in clear, understandable,

17   unmistakable terms[.]") (citation and internal quotation marks omitted).

18   Willner urges the Court to interpret the phrase "an employee who is discharged or who

19   quits" as a prohibition on the recovery of section 203(a) penalties prior to the termination of the

20   employment relationship.  In other words, Willner contends that the "effect" of the phrase "an

21   employee who is discharged or who quits" is "merely" to provide that penalties for "the late

22   payment of weekly wages cannot be recovered until *after* the employee's termination."  Opp'n at 5

23   (emphasis in original).  This interpretation of the statute leads to an absurd result, because it would

24   force employees to choose between continued employment or the enforcement their right to

25   receive timely weekly wages, as only those who have terminated their temporary services

26   employment would be able to recover penalties for violations of section 201.3(b)(1), while

27   employees who continue to have an ongoing employment relationship with their temporary

28   services employer would not.  Because Willner has not cited any authority or any portion of the

11

1   legislative history of section 203(a) that supports her reading of the relevant statutes, her

2   interpretation must be rejected.[3]

3          Finally, Willner has not shown that any state or federal court has held that section 203(a)

4   penalties are recoverable for an employer's failure to pay weekly wages on time.  On the other

5   hand, Manpower has shown that courts in this circuit routinely interpret Section 203(a) as

6   applying only to violations of the right to receive *final* wages after the employment relationship

7   has ended.  See, e.g., Porch v. Masterfoods, USA, Inc., 685 F. Supp. 2d 1058, 1075 (C.D. Cal.

8   2008) (holding that "waiting time penalties are only available when an employee is discharged or

9   quits a position" and that no genuine issue of material fact exists with respect to a claim for

10  Section 203(a) penalties when the "[p]laintiff fails to point out any [final] wages that he is due that

11  [d]efendant has failed to pay").

12         Accordingly, because a temporary employee cannot recover penalties under section 203(a)

13  at any time for violations of section 203.1(b)(1), Willner's claim for penalties under Section

14  203(a) for section 201.3(b)(1) violations fails as a matter of law.[4]  Manpower's motion for

15  judgment on the pleadings with respect to this claim is GRANTED.

16                **2.      Failure to Furnish Accurate Wage Statements under Section 226(a)**

17         Willner alleges that Manpower "knowingly and intentionally" failed to furnish to her and

18  the putative class members itemized wage statements that include the inclusive dates of the period

19  for which their employment was paid, as well as Manpower's name and address, as required by

20  California Labor Code section 226(a).  FAC ¶¶ 29-31.  Willner seeks damages, injunctive relief,

21  and attorney's fees and costs under Section 226(e) in connection with this claim.

22         Section 226(a) requires every employer to furnish each of its employees an accurate

23  itemized statement, "either as a detachable part of the check, draft, or voucher paying the

24

25  _____

    [3] Though Manpower attaches to its motion copies of a bill report, transcripts of the hearings before
26  the Senate Committee on Labor and Industrial Relations, and a senate analysis pertaining to the
    genesis of Section 201.3, none of these documents discusses the application of Section 203(a)
27  penalties to violations of Section 201.3(b).  See Kane Decl., Ex. B-E, ECF No. 76.
    [4] The only available remedy for violations of Section 201.3(b)(1) is found in California Labor
28  Code Section 201.

employee's wages, or separately when wages are paid by personal check or cash," that shows, among other things, (1) "the inclusive dates of the period for which the employee is paid," and (2) "the name and address of the legal entity that is the employer." See Cal. Labor Code § 226(a)(6) & (a)(8).

An employee whose rights under section 226(a) are violated may recover damages under Section 226(e), which provides that:

> An *employee suffering injury* as a result of a *knowing and intentional failure* by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226(e)(1) (emphasis added).

Thus, a claim for damages under Section 226(e) requires a showing of three elements: (1) a violation of Section 226(a); (2) that is "knowing and intentional"; and (3) a resulting injury. See Reinhardt v. Gemini Motor Transp., 879 F. Supp. 2d 1138, 1141 (E.D. Cal. 2012).

Manpower moves for judgment on the pleadings or for summary judgment on this claim on the ground that Willner cannot establish any of these elements. Willner opposes the motion, arguing that the evidence before the Court satisfies her burden of proof with respect to each of the three elements.

The Court concludes that Manpower's motion for judgment on the pleadings or for summary judgment must be DENIED, because a genuine issue of material fact exists with respect to whether Manpower's violations of section 226(a) were knowing and intentional.

### a.    Violation of Section 226(a)

Willner argues that the wage statements at issue violate section 226(a) in two ways: (1) they fail to contain the "inclusive dates of the period for which the employee is paid"; and (2) they fail to state Manpower's address.

Manpower argues that the wage statements it furnished to Willner "substantially" comply with section 226(a), and therefore, such statements do not violate Section 226(a). In support of its argument, Manpower has attached to its motion copies of the earnings statements that it sent to

United States District Court
Northern District of California

1  Willner.  See Matson Decl. ¶ 6 & Ex. D.  These earnings statements were attached to each of the

2  paychecks that Willner received.  See Matson Decl. ¶ 6 & Ex. C (copy of earnings statement

3  attached to Willner's paycheck); Matson Decl. ¶ 4 & Ex. B (copy of envelope containing wage

4  statement).  Willner does not dispute the authenticity of these materials.

5          Upon review of the materials submitted by Manpower, the Court concludes that the

6  statements at issue do not contain the requisite "the inclusive dates of the period for which the

7  employee is paid" under Section 226(a)(6), because only the pay period end date, and not the start

8  date of the pay period, is included on the statement.  See Matson Decl. ¶ 6 & Ex. C.  Manpower

9  argues that it satisfied the "inclusive dates" requirement of Section 226(a)(6) by including "every

10  work date" for which Willner was paid.  Mot. at 21.  This argument is unpersuasive, because the

11  dates on which an employee worked in any given pay period do not necessarily shed light on the

12  date on which the pay period began, particularly in the context of temporary employment.  The

13  "inclusive dates" required by Section 226(a)(6) refer to the start and end date of the pay period and

14  necessarily must include the start date of the pay period in order to give meaning to the word

15  "inclusive."  A failure to include the start date of the pay period in a statement constitutes a

16  violation of Section 226(a)(6).  See McKenzie v. Fed. Exp. Corp., 765 F. Supp. 2d 1222, 1229

17  (C.D. Cal. 2011) (holding that the defendant "violated Labor Code Section 226(a)(6) by failing to

18  include the beginning date for the pay period in its wage statements").

19          The Court also concludes that the statements do not contain Manpower's address as

20  required by Section 226(a)(8).  Manpower argues that it fulfilled its obligation to include its

21  address on the statements because its address appears on the checks attached to the statements and

22  on the front of the envelopes containing the statements.[5]  Mot. at 21-22.  This argument is

23  unavailing, because Section 226(a)(8) expressly requires the name and address of the employer to

24  be written on the wage statement itself.  Anything less fails to comply with Section 226(a)(8).  See

25

26  [5] Willner argues that the address on the paycheck and on the envelope is incorrect because it is the
    address of a subsidiary of Manpower and not of Manpower itself.  ECF No. 81 at 16-17.  The
27  Court does not reach the question of whether the address at issue is incorrect because the Court
    finds that Manpower's wage statements failed to comply with Section 226(a)(8) because they do
28  not contain any address.

Elliot v. Spherion Pac. Work, LLC, 572 F. Supp. 2d 1169, 1179 (C.D. Cal. 2008) (holding that, under Section 226(a)(8), "an employer must include on *its wage statement*s 'the name and address of the legal entity that is the employer.'") (citation omitted) (emphasis added).

Accordingly, the evidence before the Court establishes that Manpower's wage statements violated both Section 226(a)(6) and Section 226(a)(8), which satisfies the first element of Willner's claim for damages under Section 226(e).

### b.    Knowing and Intentional

Manpower argues that it is entitled to summary judgment because Willner does not have any evidence to establish that Manpower's section 226(a) violations were knowing and intentional.

On the other hand, Willner argues that "intent can be shown with evidence of an employer's failure to perform a required act, e.g. the failure to issue wage statements with the information required by Section 226(a)." ECF No. 81 at 19.  Willner contends that, to satisfy this element, "[she] need only show that Manpower intended to provide its temporary workers in California with the wage statements at issue in this lawsuit." Id.  After the Court held oral argument on Manpower's motion, Willner filed a motion urging the Court to consider excerpts of the deposition of Bonnie Matson, Willner's Rule 30(b)(6) witness.  ECF No. 95.  The ground for the motion is that the transcript of Matson's deposition did not become available to Willner until after oral argument took place.  Willner argues that the excerpts of Matson's deposition are "directly relevant" to her wage-statement claims, because they show that Matson and Manpower were aware that the wage statements at issue did not contain the pay period start date or Manpower's address.  ECF No. 95, Ex. A, Matson Dep. at 33-37; 54-56, 59-61, 64, 133-34.

Manpower opposes Willner's motion to submit excerpts of Matson's deposition on the ground that the motion is untimely and procedurally defective, as Willner did not seek additional time to obtain or to submit additional facts under Rule 56(d) either in her opposition or during oral argument.  ECF No. 99.  Manpower further contends that, even if these excerpts raised a genuine issue of material fact as to the "knowing and intentional" element, Willner's section 226 claim "still fails" because it "substantially complied with the requirements of section 226(a) and because

15

1   Willner did not suffer any injury as a result of any violations of section 226(a).  ECF No. 116 at 1.

2         The Court will consider the late-filed excerpts of Matson's deposition in order to resolve

3   the issues raised in Manpower's motion on the merits.[6]

4         The question of whether the "knowing and intentional" element is satisfied here turns on

5   whether the phrase "knowing and intentional" requires evidence beyond a showing that the

6   defendant violated Section 226(a).  Manpower argues that it does; Willner argues that it does not.

7   The cases that Willner cites in support of the proposition that nothing more is required are not

8   instructive, because they interpret terms other than the one at issue.  See Heritage Residential

9   Care, Inc. v. Div. of Labor Standards Enforcement, 120 Cal. Rptr. 3d 363, 368 (Cal. Ct. App.

10  2011) (construing the term "inadvertent" in California Labor Code Section 226.3); Rd. Sprinkler

11  Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc., 102 Cal. App. 4th 765, 781, 125 Cal.

12  Rptr. 2d 804 (Cal. Ct. App. 2002) (construing the term "willful" in California Labor Code Section

13  203 to mean "intentionally failed or refused to perform an act which was required to be done").

14  Manpower does not cite to any authority that establishes the meaning of "knowing and

15  intentional."

16        No court has expressly defined the terms "knowing and intentional" in the context of

17  section 226.  The Court therefore starts by examining the language of the statute itself.  Section

18  226(e)(1) provides that:

19        An employee suffering injury as a result of a *knowing and intentional failure* by an
          employer to comply with subdivision (a) is entitled to recover . . ."

20  Cal. Lab. Code § 226(e)(1) (emphasis added).

21
          Section 226(e)(3) states:
22

23        [F]or purposes of this subdivision, a "*knowing and intentional failure*" does not
          *include an isolated and unintentional payroll error due to a clerical or inadvertent*
24        *mistake.*  In reviewing for compliance with this section, the *factfinder* may consider
          as a relevant factor whether the employer, prior to an alleged violation, has adopted
25        and is in compliance with a set of policies, procedures, and practices that fully
          comply with this section.
26

27  _____

28  [6] The Court granted Plaintiff leave to file the deposition excerpts, and then permitted Defendant to
    file a sur-reply addressing only the additional evidence, which Defendant did.  See ECF Nos. 115,
    116.

United States District Court
Northern District of California

1   Cal. Lab. Code § 226(e)(3) (emphasis added).

2       When reading Sections 226(e)(1) and (e)(3) in conjunction, three inferences can reasonably

3   be drawn as to the definition of "knowing and intentional."  First, the phrase "knowing and

4   intentional" in Section 226(e)(1) must be read to require something more than a violation of

5   Section 226(a) alone.  If the legislature had intended to allow an employee to recover damages for

6   an employer's violation of Section 226(a) without having to make any showing beyond a showing

7   of the Section 226(a) violation itself, then the legislature could simply have omitted the qualifier

8   "knowing and intentional" before the word "failure."  Willner's proposed construction of Section

9   226(e)(1) is unsound because it essentially excises the qualifier "knowing and intentional" from

10  the statute; this contravenes the canon of statutory construction requiring that "a construction

11  making some words surplusage is to be avoided."  See Steketee v. Lintz, Williams & Rothberg, 38

12  Cal. 3d 46, 52 (1985).

13      Second, a "knowing and intentional" failure must be more than an "isolated and

14  unintentional payroll error due to a clerical or inadvertent mistake."  Indeed, violations of Section

15  226(a) caused by "isolated and unintentional payroll errors" are not subject to damages under

16  Section 226(e) and therefore do not fall within the scope of "knowing and intentional."  See Cal.

17  Lab. Code 226(e)(3).

18      Third, the determination of whether a violation of Section 226(a) was "knowing and

19  intentional" is a factual one.  Section 226(e)(3) explicitly refers to "the factfinder" and to the

20  factors that the factfinder may consider in determining whether a violation was knowing and

21  intentional, namely "whether the employer, prior to an alleged violation, has adopted and is in

22  compliance with a set of policies, procedures, and practices that fully comply with this section."

23  See Cal. Lab. Code 226(e)(3).

24      In addition to these inferences, the Court looks to the definition of "willingly and

25  knowingly" —a substantially similar phrase to "knowing and intentional"— that California courts

26  have adopted in the context of interpreting labor statutes containing that phrase.  See, e.g., Wang

27  v. Div. of Labor Standards Enforcement, 219 Cal. App. 3d 1152, 1156-57 (1990) (construing

28  "willingly and knowingly" in the context of California Labor Code Section 1021.5).  California

17

United States District Court
Northern District of California

1    courts have defined that phrase as "a knowledge that the facts exist which bring the act or

2    omission within the provisions of a statute."  Id.

3           Consistent with the foregoing, for purposes of this action, the Court concludes that a

4    "knowing and intentional" violation requires a showing that the defendant knew that facts existed

5    that brought its actions or omissions within the provisions of section 226(a) -- i.e., that Manpower

6    knew that its wage statements did not contain the inclusive dates of the period for which its

7    employees were paid, and knew that they did not contain Manpower's address.  Willner is not

8    required to demonstrate that Manpower knew that this conduct, if otherwise proven, was unlawful.

9    See Perez v. Safety-Kleen Sys., Inc., Case No. 07-cv-0886PJH, 2007 WL 1848037, at *9 (N.D.

10   Cal. June 27, 2007) (holding that the defendant's lack of awareness as to the illegality of its

11   deficient wage statements is irrelevant to the determination of whether the "knowing and

12   intentional" element is satisfied because all that is required to satisfy that element is knowledge

13   that the defendant "knowingly and intentionally provide[d] wage statements containing the

14   incorrect total hours worked").  The question of whether the defendant possessed this requisite

15   awareness is a question of fact.

16          The Court now turns to the question of whether the "knowing and intentional" element is

17   satisfied here.  Manpower argues that Willner lacks evidence to show that its noncompliance with

18   section 226(a) was knowing and intentional.  Willner, on the other hand, points to the declaration

19   of Bonnie Matson, a payroll employee of Manpower, which states that Manpower mailed the

20   deficient wage statements to Willner and the putative class members.  Opp'n at 19-20.  Willner

21   implies that this declaration establishes that the 226(a) violations at issue were knowing and

22   intentional because the declaration "does not state that there is any mistake or clerical error with

23   respect to the format of these wage statements."  Id. at 20.  Willner also argues that the requisite

24   knowledge and intent is satisfied because the California Division of Labor Standards Enforcement

25   ("DLSE") posts an exemplar wage statement on its website, and this exemplar contains the

26   employer's address.  Id.  Finally, Willner points to excerpts of Bonnie Matson's deposition to

27   show that Matson and Manpower were aware that the wage statements at issue did not contain the

28   pay period start date or Manpower's address.  ECF No. 95, Ex. A, Matson Dep. at 33-37; 54-56,

59-61, 64, 133-34.

The Court concludes that a genuine issue of material fact exists with respect to whether this element is satisfied, as Willner has submitted evidence showing that Manpower's violations of section 226(a) were knowing and intentional.  Cf. Harris v. Vector Mktg. Corp., 656 F. Supp. 2d 1128, 1146 (N.D. Cal. 2009) (granting summary judgment in favor of defendant with respect to section 226(e) claim because the plaintiff submitted "no evidence that [the defendant's] conduct was a knowing or willful violation of § 226(a)").  The excerpts of Matson's deposition show that Manpower was aware that its wage statements did not contain the inclusive pay period dates and its address.  Additionally, the declaration of Bonnie Matson establishes that Manpower intentionally mailed the statements at issue to its employees.  These facts are sufficient to deny Manpower's motion.  See Perez, 2007 WL 1848037, at *9 (holding that a question of fact exists as to the "knowing and intentional" element because the record contained facts showing that the defendant "knowingly and intentionally provide[d] wage statements containing the incorrect total hours worked").

### c.      Resulting Injury

Section 226(e)(2)(B) provides in part that:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and *the employee cannot promptly and easily determine from the wage statement alone* one or more of the following . . . The name and address of the employer . . . or [the inclusive dates of the pay period].

Cal. Lab. Code 226(e)(2)(B)(i) & (iii) (emphasis added).

The Court concludes that, based on the wage statements submitted by Manpower, an employee cannot promptly determine from the wage statements alone either the start date of the pay period or Manpower's address, as discussed above.  Accordingly, the evidence before the Court establishes that Willner suffered injury within the meaning of Section 226(e).

### 3.      Unlawful Prong of the UCL

The Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof.

United States District Court
Northern District of California

United States District Court
Northern District of California

Code § 17200.   An act is unlawful under the UCL if it violates another law.   "[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200."   Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1168 (9th Cir. 2012) (citation omitted).

Willner alleges that Manpower violated the unlawful prong of the UCL because (1) it failed to provide accurate wage statements to all of its temporary employees in violation of section 226(a); and (2) it failed to pay timely weekly wages to its temporary employees who received their checks via mail in violation of section 201.3(b)(1).   As a remedy, she seeks an order enjoining Manpower from further violating the Labor Code.   Id.

### a.   Violations of Section 226(a)

Manpower moves for summary judgment on this claim on the ground that it is "wholly derivative" of Willmer's claim for damages under section 226(e) and therefore fails for the same reasons that the latter claim failed.

The Court concludes that Manpower's motion for summary judgment must be DENIED as to this claim.   As discussed above, the Court has held that Manpower violated section 226(a) by failing to provide the putative class members with wage statements containing its address and the pay period start date.   Manpower's motion for summary judgment fails in light of this holding.[7]

### b.   Violations of Section 201.3(b)(1)

Manpower moves for summary judgment on this claim on the ground that it is "wholly derivative" of Willner's claim under section 201.3(b)(1) and therefore fails for the same reasons that the latter claim failed.   Alternatively, Manpower argues that it is entitled to summary judgment on this claim because Willner has no evidence to establish that it violated section 201.3(b)(1).

Willner responds that Manpower's motion cannot be granted on the basis that she is barred from seeking penalties under section 203 for Manpower's purported violations of section

---

[7] That a genuine issue of material fact exists with respect to whether the section 226(a) were knowing and intentional does not affect this conclusion, because the "knowing and intentional" element is not a part of section 226(a), which is the section upon which Willner's UCL claim is predicated; rather, this element applies only to the extent that an employee seeks damages under section 226(e) in connection with violations of section 226(a).

20

United States District Court
Northern District of California

201.3(b)(1), because "any absence of a private right of action to enforce Section 201.3 has no bearing on Plaintiff's ability to seek . . . relief under the UCL for violation of that section."  ECF No. 81 at 22.  Willner also argues that a genuine issue of material fact exists with respect to Manpower's payday, the timing of the mailing of the paychecks at issue, and the willfulness of Manpower's conduct.

The Court concludes that Manpower's motion cannot be granted on the basis that Willner cannot recover penalties under section 203 for violations of section 201.3, because a party may bring a UCL claim under the unlawful prong even if the predicate law does not provide for a private cause of action.  See Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048-50 (9th Cir. 2000) (holding that, to bring a claim under the unlawful prong of the UCL, "[i]t does not matter whether the underlying statute also provides for a private cause of action; section 17200 can form the basis for a private cause of action even if the predicate statute does not") (citation omitted).

Manpower's motion also cannot be granted because a genuine issue of material fact exists with respect to whether Manpower violated section 201.3(b)(1).  The determination of whether Manpower violated section 201.3(b)(1) turns on the definition of "due and payable" under section 201.3(b)(1).  Section 201.3(b)(1) provides that wages to temporary employees are "due and payable not later than the regular payday of the following calendar week."  Cal. Lab. Code § 201.3(b)(1).  In the context of wages that are paid via U.S. mail, Manpower contends that "due and payable" requires that the wages be mailed by the payday, whereas Willner contends that the phrase requires that the wages be delivered by the payday.

No state or federal court has defined "due and payable" within the meaning of section 201.3(b)(1).  The Court therefore turns to other sections of the Labor Code for guidance in resolving this issue.  Statutes that govern the payment of wages in other contexts provide that, when the payment of wages is made by mail, the date of mailing constitutes the date of payment.  See Cal. Lab. Code § 202(a) (providing that when employee who quits requests payment by mail, "[t]he date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting"); Cal. Lab. Code § 201.5(c) (providing

21

that when an employer or employee in motion picture industry chooses payment of wages by mail, "[t]he payment shall be deemed to have been made on the date that the employee's wages are mailed to the employee"); Cal. Lab. Code § 201.7 (proving that when an employer or employee in oil drilling industry chooses payment of wages by mail, "the date of mailing is the date of payment"). Because these statutes are sufficiently similar in language and purpose to the statute at issue here, the Court concludes that, in the context of the payment of wages via mail in connection with section 201.3(b)(1), the phrase "due and payable" refers to the date on which the wages are mailed, not delivered.[8]

Here, a genuine issue of material fact exists with respect to whether Manpower mailed paychecks to Willner by the payday. Even assuming that Manpower's regular payday was Friday, as Manpower contends, Willner has pointed to evidence showing that Manpower mailed at least one paycheck to her after the payday. See Matson Decl., Ex. D, MAN000095 (check issued on January 5, 2011, for work performed from December 20, 2010, to December 23, 2010, where the Friday payday would have been on December 31, 2010). Accordingly, Manpower's motion must be DENIED.[9]

### 4. PAGA

Under PAGA, a plaintiff may bring a representative action as an "aggrieved employee" on behalf of herself and other current or former employees and may seek civil penalties for Labor Code violations by an employer. See Cal. Lab. Code § 2699(a) & (i).

Willner alleges that she is an "aggrieved employee" under PAGA and seeks penalties based on Manpower's failure to provide accurate wage statements in violation of section 226(a)

---

[8] As discussed during oral argument, this interpretation of section 203.1(b) is consistent with the common law mailbox rule, which provides "that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956, 961 (9th Cir. 2001).
[9] To the extent that the parties argue that willfulness is a necessary element to a claim for violations of section 201.3(b)(1), those arguments are misplaced. Willfulness is a required element only when an employee seeks penalties under section 203. As discussed in section III.B.1, the Court has concluded that section 203 is inapplicable to violations of section 201.3(b)(1). To be actionable under the unlawful prong of the UCL, Willner's claim for the late payment of wages need only satisfy the elements of section 201.3(b)(1).

1    and to pay timely weekly wages in violation of section 201.3(b)(1).  FAC ¶¶ 37-40.  The

2    allegations supporting these claims are the same as the ones supporting her claims for violations of

3    Section 201.3(b)(1) and Section 226(a).  See id. ¶ 36.

4                        **a.        Section 226(a)**

5              Manpower moves for judgment on the pleadings or for summary judgment on Willner's

6    PAGA claim for violations of section 226(a) on the ground the claim fails for the same reasons

7    that Willner's claim for damages under section 226(e) failed.

8              Willner also moves for summary judgment on this claim.  She argues that a claim for

9    PAGA penalties requires only a showing of a violation of section 226(a) and does not require a

10   showing of injury under section 226(e).  Willner further argues that certification under Rule 23 is

11   not required to pursue a representative claim for PAGA penalties.

12             Manpower opposes Willner's motion for summary judgment.  First, it contends that

13   Willner failed to exhaust her administrative remedies because she allegedly failed to give notice to

14   Manpower of its violations of section 226(a).  Manpower contends that, instead of giving notice to

15   Manpower itself, Willner gave notice to Manpower's outside counsel, which is insufficient under

16   PAGA's notice requirements.  Second, Manpower contends that the putative classes must be

17   certified under Rule 23 before Willner can seek summary judgment on the representative PAGA

18   claims she brings on behalf of the putative class members.  Finally, Manpower contends that

19   Willner must establish that she suffered injury in order to recover PAGA penalties for violations

20   of section 226(a).

21             The Court concludes that Willner's motion for summary judgment must be GRANTED.

22             First, PAGA requires every aggrieved employee seeking penalties to give notice of her

23   PAGA claim in writing to both the Labor and Workforce Development Agency ("LWDA") and to

24   her employer.  See Cal. Lab. Code § 2699.3(a)(1).  The purpose of this notice requirement is to

25   alert both the employer and the LWDA of the alleged Labor Code violations so that the

26   circumstances giving rise to the violations can be investigated or cured.  See Harris v. Vector

27   Mktg. Corp., Case No. 08-5198 EMC, 2010 WL 56179, at *2 (N.D. Cal. Jan. 5, 2010).  Here,

28   Willner has shown that she gave notice in writing of her PAGA claims and their bases to

United States District Court
Northern District of California

23

1    Manpower's attorney, Matthew Kane.  Hanson Decl. ¶ 2 & Ex. 1.  This is sufficient to establish

2    compliance with PAGA's notice requirements given that Manpower points to no evidence

3    showing that Kane never forwarded this notice to Manpower, or that Manpower did not receive

4    timely notice of Willner's PAGA claims.  At this stage of the litigation, untimely notice cannot be

5    a dispositive issue.[10]

6           Second, though the Ninth Circuit has not yet decided whether certification under Rule 23 is

7    required to bring a representative PAGA claim, the vast majority of courts in this district that have

8    addressed the issue have held that "representative PAGA claims need not be certified under Rule

9    23 to proceed" in light of the purpose of a PAGA representative action, which is "to vindicate the

10   public through the imposition of civil penalties as opposed to conferring a private benefit upon the

11   plaintiff and the represented employees."[11]  Gallardo v. AT & T Mobility, LLC, 937 F. Supp. 2d

12   1128, 1137 (N.D. Cal. 2013) (citing cases) (internal quotation marks omitted).  The Court finds

13   this reasoning persuasive and adopts it in every respect.  Accordingly, Willner need not comply

14   with the requirements of Rule 23 in order to proceed on her representative PAGA claim for

15   violations of section 226(a).[12]

16          Finally, Willner is not required to establish injury in order to obtain judgment on this

17   claim.  All she needs to establish is a violation of section 226(a), which she has done, as discussed

18   above.  See McKenzie v. Fed. Exp. Corp., 765 F. Supp. 2d 1222, 1232 (C.D. Cal. 2011) (holding

19   that "for the purposes of recovering PAGA penalties, one need only prove a violation of Section

20   226(a), and need not establish a Section 226(e) injury").

21          Accordingly, Willner's motion for summary judgment on this claim is GRANTED, and

22   Manpower's motion is DENIED.

23   / /

24   _____

25   [10] Notably, Manpower has never moved to dismiss Willner's PAGA claims for failure to exhaust
     administrative remedies.

26   [11] An individual suing in a representative capacity under PAGA is not required to satisfy class
     action requirements if the case is brought in state court.  See Arias v. Superior Court, 46 Cal.4th

27   969, 975 (Cal. 2009).

     [12] Before this case was reassigned, this Court held that certification under Rule 23 was not
28   required in order to assert a representative PAGA claim.  Order Regarding Manpower's Motion to
     Dismiss, ECF No. 43 (May 3, 2012).

**b.      Section 201.3(b)(1)**

Manpower moves for judgment on the pleadings or for summary judgment on Willner's claim for PAGA penalties in connection with Manpower's failure to pay timely weekly wages. Manpower contends that claim fails for the same reasons that Willner's claim for violations of section 201.3(b)(1) fails.

As discussed above, a genuine issue of material fact exists with respect to whether Manpower violated section 201.3(b)(1).  Accordingly, Manpower's motion for summary judgment must be DENIED with respect to this claim.

## IV.      CONCLUSION

Willner's motion for leave to file a Fifth Amended Complaint is GRANTED.  Willner shall file the proposed complaint she attached to her motion within five days of the date this order is filed.

Manpower's motion for judgment on the pleadings or for summary judgment is GRANTED IN PART and DENIED IN PART as follows:

1.      Manpower is entitled to judgment with respect to Willner's claim for penalties under section 203 in connection with violations of section 201.3(b)(1).

2.      Manpower's motion for summary judgment with respect to Willner's claim for damages under section 226(e) for violations of section 226(a) is DENIED.

3.      Manpower's motion for summary judgment with respect to Willner's UCL claims is DENIED.

5.      Manpower's motion for summary judgment with respect to Willner's PAGA claims is DENIED.

/ /
/ /
/ /
/ /
/ /
/ /

United States District Court
Northern District of California

1       Willner's motion for summary judgment on her PAGA claim for inaccurate wage

2    statements in violation of section 226(a) is GRANTED.

3       **IT IS SO ORDERED**.

4    Dated:  March 31, 2014

5    _____

6                                    JON S. TIGAR
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28