UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERA WILLNER,<br><br>        Plaintiff,<br><br>      v.<br><br>MANPOWER INC.,<br><br>        Defendant. | Case No. 11-cv-02846-JST<br><br>**ORDER DENYING MOTION TO DISMISS OR TO STRIKE**<br><br>Re: ECF No. 121 |

In this putative class action for violations of the California Labor Code, Defendant Manpower moves to dismiss or to strike Plaintiff Willner's claim for inaccurate wage statements under California Labor Code section 226 to the extent that it pertains to temporary employees who received their wage statements by methods other than mail. The ground for the motion is that the claim at issue is barred by the statute of limitations. Willner opposes the motion, arguing that the claim relates back to the previous complaint. For the reasons set forth below, the motion is DENIED.

I.    BACKGROUND

A detailed factual and procedural summary of this action can be found in the court's order of March 31, 2014. See ECF No. 117. In that order, the court granted leave to Willner to expand her claim for inaccurate wage statements under section 226 of the California Labor Code to include all temporary employees in California regardless of how they received their wage statements. Id. at 3-4. Previously, this claim had been limited to temporary employees who received their wage statements by mail. Id.

Willner's section 226 claim is premised on the notion that the wage statements at issue are deficient under section 226 because they do not contain the start date of the pay period or Manpower's address. Willner admitted in her motion for partial summary judgment that the wage

statements of Manpower employees ceased to be deficient on January 20, 2012. Willner's counsel now contends, however, that he was informed by counsel for Manpower in August 2013 that the wage statements were "not changed until January 2013."[1]  Jaramillo Decl. ¶ 3.

Manpower now moves to dismiss or to strike the expanded section 226 claim on the ground that the claims of the temporary employees who received their wage statements by means other than mail are time-barred.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

### B.   Motion to Strike

A court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

---

[1] The court will not consider this statement for the purpose of resolving this motion because it is inadmissible hearsay and because Willner has not shown that the consideration of this statement is appropriate in connection with Manpower's motion to dismiss or to strike.

2

## III. DISCUSSION

Manpower argues that the claim at issue is time-barred, because claims under section 226(a) are subject to a one-year statute of limitations under California Code of Civil Procedure section 340(a). Manpower notes that Willner admitted in her motion for summary judgment that the wage statements at issue ceased to violate section 226 on January 20, 2012; as such, the statute of limitations on the section 226 claim expired on January 20, 2013. Willner did not file the operative complaint until April 1, 2014. Manpower contends that the tolling doctrine of American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974), which tolls the applicable statute of limitations as to all asserted members of a putative class, does not apply to the claim at issue because the section 226 claims of temporary employees who received their wage statements by methods other than mail were not asserted in any complaint filed before January 20, 2012.

Willner opposes the motion, arguing that the expanded claim relates back to the filing of the first amended complaint and therefore is not subject to dismissal for being time-barred. Willner contends that the relation-back doctrine applies because the expanded claim arises of the same conduct, transaction, or occurrence set forth in the prior complaints, namely Manpower's failure to issue wage statements to its employees that included the pay period beginning date and Manpower's address. As such, Willner contends that there is an identity of interest between the current class members and the newly-expanded class, and for that reason, Manpower will not be prejudiced by the newly expanded class.

In its reply, Manpower contends that the relation back doctrine categorically does not apply to amendments attempting to expand a class because relevant Ninth Circuit cases analyze only the addition of named plaintiffs to a class, the substitution of individual plaintiffs, or the expansion of the class period. Id.

The Court addresses each of these issues in turn.

### A. The Expanded Class Claim Is Time-Barred

The statute of limitations on a claim asserted on behalf of a putative class is tolled "for all members of the putative class until class certification is denied." Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983) (noting that, after class certification is denied, "class members

3

may choose to file their own suits or to intervene as plaintiffs in the pending action"); see also American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974). When a new class claim is asserted after the statute of limitations on that claim has elapsed, that claim is time-barred unless it relates back to the original complaint under Federal Rule of Civil Procedure 15(c). See Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S., 306 F.3d 842, 856 (9th Cir. 2002) (holding that a claim that normally would be time-barred can be asserted in an amended complaint if the amended complaint "relates back to the original complaint" under Rule 15(c)).

Rule 15(c) provides that:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[2]

/ / /

/ / /

/ / /

---

[2] "While Rule 15(c) speaks only of a change in defendants, it applies by analogy to the substitution of plaintiffs." Raynor Bros. v. Am. Cyanimid Co., 695 F.2d 382, 384 (9th Cir. 1982).

4

In the Ninth Circuit, an amendment seeking to add a plaintiff relates back to the original complaint under Rule 15(c) only when:

> (1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff.

In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925 (9th Cir. 1996).

Here, the expanded claim is time-barred because the claim was filed more than a year after January 20, 2012. See Cal. Code Civ. P. 340(a). As such, the claim can survive Manpower's motion only if it satisfies the relation-back test.

### B. The Relating Back Doctrine Can Apply to the Expansion of a Putative Class

Before turning to the question of whether the expanded class satisfies the three factors of the relation back doctrine, the court first addresses Manpower's contention that the relation-back doctrine categorically does not apply to attempts to expand the size of a putative class.

Manpower argues that the only portion of Rule 15(c)(3) that could apply to the expanded class is the one in subsection (C), which addresses changes to the identity or name of a party. Manpower contends that the only instances in which courts in the Ninth Circuit have permitted the addition of plaintiffs under subsection (C) in the context of putative class actions has been when the parties to be added are named plaintiffs as opposed to putative class members. For that reason, Manpower contends that the relation back doctrine can never apply to the claims of new putative class members who did not fall within the scope of the original class definition.

Manpower's argument is unpersuasive. The lack of an opinion in which the Ninth Circuit has held that a proposed expansion of a putative class satisfied all three factors of the relating-back test does not mean that the relation-back doctrine categorically is inapplicable to such proposed expansions. Further, relevant Ninth Circuit authority shows that the application of the relation-back doctrine to attempts to expand the scope of a putative class is permissible.

For example, in In re Syntex Corp. Sec. Litig., 95 F.3d 922, 935 (9th Cir. 1996), the Ninth Circuit analyzed the question of whether a proposed expansion of the class period, which would effectively add new class members to the case, related back to the prior complaint. The Ninth

5

Circuit used the three-factor relation-back test in its analysis, thus implying that the application of the relation back doctrine to proposed expansions of a putative class is acceptable.[3]

Manpower cites to no authority establishing that the relation back doctrine cannot apply to amendments seeking to expand the scope of a class.[4] Accordingly, its argument must be rejected.

### C. The Expanded Claim Relates Back

#### 1. Notice

"In deciding whether an amendment relates back to the original claim, notice to the opposing party of the existence and involvement of the new plaintiff is the critical element." Avila v. I.N.S., 731 F.2d 616, 620 (9th Cir. 1984). In the context of amendments that seek to expand the scope of a putative class, the notice requirement is satisfied when "the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff[.]" In re Syntex, 95 F.3d at 935.

Here, none of the prior iterations of the complaint gave notice to Manpower of the claims of the new putative class members, because such complaints expressly limited the scope of the section 226 class claim to temporary employees who received their wage statements by mail.

Willner contends that the notice requirement is satisfied because all iterations of the complaint have alleged that Manpower's wage statements were deficient under section 226, and Manpower has always known that the wage statements it sent to temporary employees via mail were identical to the ones it sent to temporary employees via other methods. Thus, according to

---

[3] The Ninth Circuit ultimately concluded that the proposed class did not relate back because the new class members did not have an identity of interest with the original class members.

[4] None of the out-of-circuit cases that Manpower cites establish the inapplicability of the relation back doctrine to amendments that expand the scope of the class. Rather, in those cases, like in In re Syntex, the courts analyzed the question of whether the amended complaint related back but ultimately concluded that at least one of the three factors of the relating-back test was not met. See, e.g., Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1132 (11th Cir. 2004) (holding that proposed "amendment fails to satisfy the notice and prejudice requirements for relation back"); Feuerstack v. Weiner, 2:12-CV-04253 SRCJAD, 2013 WL 3949234, at *4 (D.N.J. July 30, 2013) (holding that "Plaintiff failed to satisfy the notice element").

Willner, Manpower had notice of the new class members because it had the capacity to put two and two together and realize that all of its temporary employees had viable claims under section 226.

This argument misunderstands the standard for notice. Under In re Syntex, notice must be determined based on the contents of the complaint alone. 95 F.3d at 935. As discussed above, Manpower could not have known that employees who received their wage statements by methods other than mail would be a part of this action based on the limited class definition in the prior complaints. Willner relies on Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S., 306 F.3d 842, 857 (9th Cir. 2002), and Besig v. Dolphin Boating and Swimming Club, 683 F.2d 1271, 1278 (9th Cir. 1982), to support the proposition that notice "does not depend upon the class definition, but instead hinges upon the facts and legal theories alleged in prior complaints." ECF No. 131 at 5. Both of these cases are inapposite as to the issue of notice, however.

In Immigrant Assistance, the proposed amendment did not seek to expand the scope of the original putative class like the proposed amendment at issue here. Rather, the proposed amendment sought to convert certain putative class members into named plaintiffs. Because the new plaintiffs had always been a part of the putative class, the Ninth Circuit determined that the notice requirement was satisfied because Defendants had always known that all putative class members were "potential plaintiffs." Id. at 857-58. Not so here.

In Besig, the proposed amendment sought to substitute named plaintiffs, not expand the scope of a putative class. The Ninth Circuit held that, in the context of substitution, notice is determined based on whether the former plaintiffs and the new plaintiffs have an identity of interest. 683 F.2d at 1278 ("Unless the substituted and substituting plaintiffs are so closely related that they in effect are but one, an amended complaint substituting plaintiffs relates back only when the relief sought is sufficiently similar to constitute an identity of interest"). This test does not apply here because the amendment at issue does not seek to substitute plaintiffs.

/ / /

1  Accordingly, the notice requirement is not met.[5]

### 2. Identity of Interest and Prejudice

The elements of identity of interest and prejudice go hand in hand. The Ninth Circuit has held that when the new and former plaintiffs "have sufficient identity of interests, relation back of the amendment is not prejudicial to the defendant." Raynor Bros. v. Am. Cyanimid Co., 695 F.2d 382, 384 (9th Cir. 1982). Identity of interest exists when "[t]he circumstances giving rise to the claim remained the same as under the original complaint." Id. at 385; see also Besig, 683 F.2d at 1278 (holding that where "the relief sought in the amended complaint is identical to that demanded originally . . . the defendant is not prejudiced because his response to the action requires no revision"). By contrast, identity of interest is not present when the "focus of the litigation changed distinctly upon the amendment of the complaint." Besig, 683 F.2d at 1279; see also In re Syntex, 95 F.3d at 935 (finding no identity of interest because the "claims of the proposed plaintiffs are different" in terms of the facts giving rise to them).

Here, the new putative class members have an identity of interest with the putative class members who received their wage statements by mail, because the circumstances giving rise to their claims are the same, since the wage statements that all putative class members received were the same. The method by which the wage statements were delivered to the putative class members is immaterial to the substance of the claim. Indeed, the method of delivery is not an element of liability under section 226. Additionally, Willner has provided an adequate justification for her delay in asserting the expanded claim, namely that she did not discover that the wage statements were the same for all temporary employees until a few months ago. Because the factual nature of and the relief sought in connection with the expanded claim is identical to that sought in all prior complaints, prejudice is not present here.[6] See Besig, 683 F.2d at 1278 ("Relation back imposes

---

[5] But see In re Glacier Bay, 746 F. Supp. 1379, 1391 (D. Alaska 1990) (class complaints regarding oil spill off the coast of Alaska "put defendants on notice that all those involved in the fishing industry in Cook Inlet were potential plaintiffs").
[6] The court also notes that the relative early stage of this case also counsels against a finding of prejudice. No trial date has been set, class certification has not yet been determined, and discovery is still open.

8

no prejudice when an amendment restates a claim with no new facts."). Where, as here, identity of interest exists and prejudice does not, the lack of notice to the defendant does not impede a finding that the new complaint relates back. See id. ("An amendment changing plaintiffs may relate back when the relief sought in the amended complaint is identical to that demanded originally. In such a case, *despite lack of notice*, the defendant is not prejudiced because his response to the action requires no revision.") (emphasis added).

Notwithstanding these authorities, Defendant nonetheless argues that it will suffer prejudice if the court permits amendment, because its potential liability will be expanded greatly by the inclusion of new potential class members. It rests this argument entirely on out-of-circuit authority, giving particular weight to Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113 (11th Cir. 2004), an action alleging violations of the federal Fair Debt Collection Practices Act ("the FDCPA"), 20 U.S.C.A. § 1070, et seq., and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72. In Cliff, plaintiff originally sought to certify a class of Florida debtors, then amended his complaint to allege a Florida statewide class under the Florida Act and a separate nationwide class under the FDCPA. 363 F.3d at 1119. Cliff then filed a motion for certification of only the nationwide class.[7] Id. The district court denied the motion, holding that relation back would unfairly prejudice the defendant, and Eleventh Circuit held that the district court did not clearly err when it made that determination. Id. at 1132. The Eleventh Circuit noted that defendant had originally been put on notice that it might need to defendant against a class of one size, and was now being forced to defend against another. Id.

The court is not persuaded by this argument, for three reasons. First, Defendant cites no Ninth Circuit authority in support of it, and the only authority the court has been able to locate is to the contrary. E.g., In re Glacier Bay, 746 F. Supp. 1379, 1391 (D. Alaska 1990) ("Increased liability is not sufficient prejudice to deny the relation back of [new] plaintiffs."). Second, there is no evidence in the record regarding the extent of the increase in either the size of the class or the defendant's potential total liability, and so no way to measure the alleged prejudice, even if it were

---

[7] There were additional, intervening steps in the litigation which are not relevant here. Id.

1 relevant.[8]  Reporter's Transcript of June 5, 2014 Hearing ("R.T."), ECF No. 140, at 13:20-22.

2 Third, as previously noted, the litigation is at a relatively early stage, and so whatever prejudice

3 does exist is not likely to be significant.

### IV.  CONCLUSION

The court finds that the amendment at issue is proper under the relation back doctrine. Manpower's motion to dismiss or to strike the expanded section 226 claim as time-barred is therefore DENIED.

**IT IS SO ORDERED.**

Dated:  June 30, 2014



JON S. TIGAR
United States District Judge

---

[8] Counsel did provide an estimate of the size of the increase in class size in his argument at the hearing.  R.T. 14:22-24.