UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERA WILLNER,<br><br>    Plaintiff,<br><br>  v.<br><br>MANPOWER INC.,<br><br>    Defendant. | Case No. 11-cv-02846-JST<br><br>**ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: ECF No. 184 |

In this action for claims arising out of purported violations of California labor laws, Plaintiff Vera Willner moves for an order (1) preliminarily approving the parties' settlement agreement; (2) conditionally certifying the proposed class for settlement purposes; (3) appointing Willner as class representative and her counsel as class counsel; (4) approving and directing the mailing of the proposed notice pursuant to the proposed notice plan; and (5) scheduling a fairness hearing for final approval of the settlement agreement. ECF No. 184. Manpower has filed a statement of non-opposition. ECF No. 186. For the reasons set forth below, the motion is GRANTED.

**I.   BACKGROUND**

  **A.   The Parties and Claims**

Plaintiff Vera Willner is an hourly employee of Manpower, which operates a "temporary employment agency." ECF 118 ¶ 2. She received her wages from Manpower by U.S. mail and was paid on a weekly basis when work was assigned to her. Id. Willner brings this putative class action against Manpower "for California Labor Code violations stemming from [Manpower's] failure to furnish accurate wage statements and failure to timely pay all wages to employees who received their wages by U.S. mail." Id. ¶ 1.

Willner asserts the following five claims in the operative complaint: (1) violations of

California Labor Code section 201.3(b)(1) for failure to pay timely weekly wages; (2) violations of California Labor Code section 226 for failure to furnish accurate wage statements; (3) violations of California's Unfair Competition Law ("UCL") for failure to provide accurate wage statements and to pay timely wages; (4) penalties under the Private Attorney General Act ("PAGA") for failure to provide accurate wage statements and to pay timely wages; and (5) violations of California Labor Code sections 201 and 203 for failure to pay timely wages due at separation.

### B. Procedural History

In its order of March 31, 2014, the Court denied Manpower's motion for summary judgment on Willner's section 226 and UCL claims on the ground that a genuine issue of material fact exists with respect to whether Manpower's violations of section 226(a) were knowing and intentional. ECF No. 117. In the same order, the Court granted Willner's motion for summary judgment as to her PAGA claim, which is based on Manpower's violations of section 226(a), and it granted Manpower's motion for summary judgment on Willner's claim under section 201.3(b)(1). Id. On April 1, 2014, Willner filed the operative Fifth Amended Complaint, which added inaccurate wage statement allegations on behalf of employees who received their paystubs by means other than mail. ECF No. 118. On June 30, 2014, the Court denied Manpower's motion to dismiss and/or strike this addition. ECF No. 141.

Following the Court's March 31 Order, the parties engaged in settlement discussions and, on July 2, 2014, participated in a full-day mediation before Jeffrey A. Ross, an experienced mediator with expertise in wage and hour law. ECF No. 184-1 ¶¶ 21–22. After a full day of arm's length negotiation, the parties agreed to the core terms of the proposed settlement that is the subject of this motion. Id. ¶ 22. After several weeks of further settlement negotiations, the parties finalized the settlement, which was fully-executed on July 31, 2014.[1] Id. On August 1, 2014, Willner filed a motion for preliminary approval of the settlement agreement. ECF No. 150. On August 4, 2014, Manpower filed its statement of non-opposition to the motion. ECF No. 151.

---

[1] The terms of the proposed settlement agreement are described in detail in this Court's Order of September 3, 2014. ECF No. 177 at 3–7.

2

On September 3, 2014, the Court issued an Order denying Plaintiff's motion for preliminary approval without prejudice. ECF No. 177. The Court found that Willner had satisfied the Rule 23 requirements for certification of the putative class for settlement purposes and that Willner's assertions "support the conclusion that the parties were sufficiently informed about the strengths and weaknesses of Willner's claims when negotiating the settlement and that the settlement is non-collusive and likely to benefit the class members." Id. at 8–12. However, the Court identified three obvious deficiencies in the settlement agreement. Id. at 12. First, the Court concluded that the scope of the release pertaining to the class members was overly broad, and invited the parties to cure the excessive breadth by changing the phrase "related in any way" to "arise out of the allegations in the operative complaint." Id. at 12–13. Second, the Court noted that the proposed notice: (1) stated that there were approximately 18,039 members in the settlement class, whereas Willner's counsel identified 20,270 class members; (2) omitted the average payment that each claimant can expect to receive; and (3) omitted the amount that is expected to be paid to the claims administrator and the address of the claim administrator. Id. at 13. Third, the Court found the thirty-day period to opt out or object to the settlement too short in duration and suggested that sixty days would be more reasonable. Id. The Court invited Plaintiff to file a new motion for preliminary approval of the proposed settlement, curing each of these deficiencies, within sixty days. Id. at 13–14.

On September 26, 2014, the parties entered into an amended Settlement Agreement. ECF No. 184-1 ¶ 26, Ex. 1. Willner filed her Renewed Motion for Preliminary Approval of Class Action Settlement on October 1, 2014. ECF No. 184. Manpower filed its statement of non-opposition on October 8, 2014. ECF No. 186. Willner explains that she will file separate motions concerning attorneys' fees, costs, and expenses, and Willner's proposed service award prior to the opt-out/objection deadline. ECF No. 184 at 23, 25.

On October 15, 2014, "Potentially Interested Parties and possible putative class members" Claudia Padilla and Leslie Guido filed a Conditional Opposition and/or Request to Continue Hearing Date. ECF No. 187. The parties subsequently filed a Notice of Errata re: Joint Stipulation of Settlement and Release correcting an error identified in this Conditional Opposition.

ECF Nos. 188, 191, 192. The Court denied the request to continue the hearing date on October 28, 2014, ECF No. 190, and the motion hearing was held as scheduled on November 13, 2014.

### C. Jurisdiction

This Court has jurisdiction over this action under 28 U.S.C. § 1332(d).

## II. LEGAL STANDARD

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). The settlement of a certified class action must be fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). But, where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." Dennis v. Kellogg Co., 697 F.3d 858, 864 (9th Cir. 2012) (citation and internal quotation marks omitted). Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).

## III. DISCUSSION

The Court has previously found that Willner has satisfied the Rule 23 requirements for certification of the putative class for settlement purposes, that "Willner and her counsel will adequately protect the interests of the class," and that Willner's assertions "support the conclusion that the parties were sufficiently informed about the strengths and weaknesses of Willner's claims when negotiating the settlement and that the settlement is non-collusive and likely to benefit the class members." ECF No. 177 at 8–12.

The Court now finds that the amended settlement agreement has corrected the three obvious deficiencies identified in its previous order. ECF No. 177 at 12–13.

1    First, the parties have revised the language of the release to clarify that it applies only to
2    claims that "arise out of the allegations in the lawsuit." ECF No. 184-1, Ex. 1 ¶ 55(a), Ex A.
3    Although the original version of the settlement agreement submitted to the Court erroneously
4    contained the words "or are related to" at pg. 17, line 19, the parties discovered the mistake and
5    submitted a Notice of Errata correcting it. ECF Nos. 188, 191, 192. On November 12, 2014,
6    Willner submitted a revised Proposed Order with a corresponding correction to the proposed
7    Notice of Class Action Settlement.[2] ECF No. 194.

8    Second, the proposed Notice now reflects that there are approximately 20,270 class
9    members; identifies the average payment each claimant can expect to receive; identifies the
10   amount expected to be paid to the claims administrator; and lists the address and contact
11   information of the claims administrator. Id. at 5, 7, 9, 11, 13.

12   Third, the Settlement Agreement now provides class members with sixty days to opt out or
13   object to the settlement. ECF No. 184-1, Ex. 1 ¶¶ 43, 45, Ex A at 3.

14   In light of the parties' amendments to the proposed settlement agreement, the Court
15   concludes that the settlement falls "within the range of possible approval," In re Tableware
16   Antitrust Litig., 484 F. Supp. 2d at 1079–80, and GRANTS Willner's motion for provisional
17   certification of the settlement class.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby rules as follows:

1. The Court GRANTS the parties' request for preliminary approval of their class action settlement.

---

[2] "Potentially Interested Parties and possible putative class members" Padilla and Guido object that the parties did not strictly comply with the Court's recommendation because they have used the phrase "arise out of the allegations in the Lawsuit" rather than "arise out of the allegations in the operative complaint," ECF No. 187 at 3, but Willner explains that the settlement defines "lawsuit" to mean "the alleged class and representative action suit pleaded in the Fifth Amended Complaint," ECF No. 189 at 2. The Court has considered the objections raised by Padilla and Guido, who object to the breadth of the release because they are concerned about the possible "significant overlap" between the putative classes in this action and another action involving Manpower, ECF 187 at 5, but concludes that the parties have corrected the deficiency identified in the September 3, 2014 Order. To the extent that Padilla and Guido are members of the settlement class certified by this Order, they may object to the terms of the settlement agreement as class members, as provided below.

5

1  2. The Court GRANTS the parties' request for certification of the following Rule 23 settlement class for the sole and limited purpose of implementing the terms of their amended settlement agreement, subject to this Court's final approval:

> All persons who were or are employed by Manpower Inc. in California as temporary employees at any time from March 17, 2010 through January 20, 2012 and who received their wage statements (i.e. paystub) by U.S. mail, payment card or electronic submission, except individuals who were or are at the same time jointly employed by a franchisee of Manpower Inc., including but not limited to, franchisee CLMP LTD., dba Manpower of Temecula.

Certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action should the proposed settlement not be granted final approval.

3. The Court APPOINTS Plaintiff's Counsel, Goldstein Borgen Dardarian & Ho and Jackson Hanson, LLP as Lead Counsel and Class Counsel, and Plaintiff Vera Willner as Class Representative.

4. The Court preliminarily APPROVES the form and content of the Amended Settlement Agreement (corrected as discussed above), and the proposed Class Notice (corrected as discussed above) and Claim Form, which are attached to this Order as Exhibits 1, A, and B. The parties are authorized to make non-substantive changes to the proposed Class Notice and Claim Form that are consistent with the terms of the Amended Settlement Agreement and this Order.

5. The Court further APPROVES the selection of Simpluris as the Claims Administrator, and the payment of reasonable administration costs, estimated at $104,326.74, to be paid from the Maximum Settlement Amount. The Claims Administrator shall take all other actions in furtherance of obtaining correct mail address information for settlement class members and giving of notice, determination of settlement class member payment amounts, receiving and processing class member challenges, opt-outs, and objections, and other claims administration functions, as are specified in the Joint Stipulation of Settlement.

6. Accordingly, good cause appearing, the Court hereby APPROVES the proposed Class Notice (corrected as discussed above) and adopts the following dates and deadlines:

| Deadline | Action |
|---|---|
| Ten (10) calendar days after the Court issues the Preliminary Approval Order | Defendant shall provide to the Settlement Administrator in electronic form, a list of each Class Member, including each person's name, last known address, phone number, social security number, and number of received paystubs during the class period. |
| Within thirty (30) calendar days of the receipt of Class information | Settlement Administrator will send via United States first class mail the Notice of Settlement and Claim Form to the Class Members. |
| Within ten (10) calendar days from return date of undeliverable Settlement Documents | Settlement Administrator shall re-mail the Settlement Documents. |
| Prior to thirty (30) calendar days after the initial mailing of the Notice | Class Counsel shall file a motion seeking approval of attorneys' fees and costs and the proposed Service Payment to the Class Representative. |
| Within thirty (30) calendar days following Settlement Administrator's initial mailing of the notice | Settlement Administrator shall mail reminder postcards to all settlement class members who have not responded. |
| Within sixty (60) calendar days from the date of the initial mailing of the Settlement Documents | Opt-Out Request Deadline. Class Members must timely submit a signed and dated written request to be excluded from the Settlement to the Claims Administrator. Must be postmarked on or before deadline. |
| Within sixty (60) calendar days from the date of the initial mailing of the Settlement Documents | Deadline to file and serve a written objection and a notice of intention to appear at the Final Approval Hearing. |
| Within sixty (60) calendar days from the initial mailing of the Settlement Documents | Claims Period Deadline. Class Member must submit to the Claims Administrator a postmarked, executed Claim Form. |

7. Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the settlement class may object to the terms of the settlement. Settlement class members who object to the proposed settlement may appear and present such objections at the Final Approval Hearing in person or by counsel, provided that any objecting settlement class member submit a written statement containing the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be sent to the Claims Administrator and postmarked no later than sixty (60) calendar days from the date on which the Notices are first sent out by the Claims Administrator. No person shall be heard at the Final Approval Hearing, and no briefs or papers

7

shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown. Settlement class members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator prior to the Court's final approval hearing.

8. Class Counsel shall file a motion for approval of reasonable attorneys' fees, costs, and litigation expenses and a motion for approval of service award for Plaintiff Willner before the end of the time within which settlement class members may object to or opt out of the settlement.

9. Counsel shall return before this Court for a Final Approval Hearing, at which the Court shall finally determine whether the settlement is fair, reasonable, and adequate, on June 18, 2015, at 2:00 p.m. in Courtroom 9 of this Court.

10. Class Counsel shall file a noticed motion for final approval of settlement no later than thirty-five (35) days before the Final Approval Hearing.

IT IS SO ORDERED.

Dated: January 2, 2015

_____
JON S. TIGAR
United States District Judge